Union Trust Company of Springfield *vs.* Mary A. Magenis.

Hampden.     March 21, 1927.— May 18, 1927.

Present: Rugg, C.J., Crosby, Pierce, Wait, & Sanderson, JJ.

*Probate Court*, Jury issues, Appeal. *Unsound Mind. Will*, Validity.

When a motion for the framing of jury issues upon a petition for the proof of a will is heard upon oral testimony taken and reported under G. L. c. 215, § 18, and an appeal is taken from an order made thereon, this court examines the evidence and reaches its own conclusion as to the facts, but will not reverse the decision of the judge of probate unless it was plainly wrong; the judge of probate, who saw the witnesses and heard their testimony, being better qualified to judge of their credibility and the weight to be attached to their testimony than is an appellate court upon the printed record.

A motion, by one opposing the proof of a will and codicil of a woman for the framing of an issue as to the soundness of mind of the alleged testatrix, was heard on oral testimony of witnesses which was reported under G. L. c. 215, § 18. The evidence was, in effect, that the alleged testatrix was eighty years of age when she executed the will and that she executed the codicil two years later; that the estate amounted to nearly $400,000; that she was close and penurious, and was slovenly and dirty in her dress and personal appearance; that she complained of being poor and did not provide herself with proper food.or clothing;

that she was forgetful, and at times did not recognize persons whom she had known for many years; that she had hallucinations and complained of noises in the upper part of her house when there was no reason for so doing; that she complained that she had been robbed by bank officials where she did business, and by others. There was other evidence tending to show that, while she was miserly and peculiar, she was of sound mind when the instruments in question were executed. The judge denied the motion. *Held*, that, while the question of fact was close, it could not quite be said that the judge plainly was wrong as a matter of law in denying the motion.

*It was stated* that, in rendering the above decision, this court did not mean to intimate that the question, whether jury issues are to be allowed in a will case, is a matter wholly within the absolute discretion of the judge of probate; he must exercise a judicial discretion, and, if his decision is plainly wrong, it will be reversed.

PETITION, filed in the Probate Court for the county of Hampden on May 1, 1925, for the proof of the will of Hannah L. Barry, late of Springfield.

Mary A. Magenis, a niece and sole next of kin, opposed the proof of the will and moved for the framing of jury issues as stated in the opinion. The motion was heard by *Long*, J., a stenographer having been appointed under G. L. c. 215, § 18, to take the testimony.

The report of the testimony filled one hundred ninety pages of the printed record. Material evidence is described in the opinion. The judge denied the motion. The contestant appealed.

The case was submitted on briefs.

*J. B. Ely* & *D. J. Kiley*, for the respondent.

*C. W. Bosworth*, for the petitioner.

CROSBY, J. Hannah L. Barry, late of Springfield, in our county of Hampden, died on April 27, 1925. An instrument purporting to be her last will dated August 8, 1923, and a codicil thereto dated April 16, 1925, were filed in the Probate Court. The respondent, a niece and sole next of kin of the decedent, filed a motion that three issues be framed for a trial by a jury. The first, relating to the execution of the will and codicil, has been waived; the second related to the testatrix's testamentary capacity, and the third, to fraud and undue influence of certain persons named. None of the evidence presented would justify a finding of fraud or undue

influence on the part of any of the persons referred to. There was an extended hearing before the judge of probate and much testimony was submitted relating to the second issue. All the evidence is reported. The judge denied the motion and the contestant appealed.

The decedent was about eighty years old when the will was executed, and less than two years thereafter she signed the codicil. The estate amounted to nearly $400,000. The contestant offered evidence tending to show that the deceased was close and penurious, and was slovenly and dirty in her dress and personal appearance; that she complained of being poor and did not provide herself with proper food or clothing; that she was forgetful, and at times did not recognize persons whom she had known for many years; that she had hallucinations and complained of noises in the upper part of her house when there was no reason for so doing; that she complained that she had been robbed by bank officials where she did business, and by others. There was other evidence tending to show that while she was miserly and peculiar she was of sound mind when the instruments in question were executed.

Motions for jury issues may be heard by the judge of probate either upon statements made by counsel as to evidence which the parties expect to be able to offer, or, as in the present case, upon a hearing with the presentation of oral and other evidence, although the judge is not required to receive testimony in a formal way. When, however, the latter course is pursued, this court examines the evidence and reaches its own conclusion as to the facts, but will not reverse the decision of the judge unless plainly wrong. As he has seen the witnesses and heard their testimony, he is better qualified to judge of their credibility and the weight to be attached to their testimony than is an appellate court upon the printed record. *Cook* v. *Mosher*, 243 Mass. 149. *Clark* v. *McNeil*, 246 Mass. 250, 254, 255.

Where there is evidence of facts which present a real question for judicial inquiry, and the judge is satisfied that there is a genuine and doubtful question of fact to be decided that is supported by evidence of a substantial nature, the

practice ordinarily is to frame issues. On the other hand, if the opposition to the will is unfounded in law and rests on the disappointment or anger of a dissatisfied heir who may hope to induce the legatees to buy a settlement, issues should be refused. *Fuller* v. *Sylvia,* 240 Mass. 49, 53. *Cook* v. *Mosher, supra.*

Whether a real and genuine question of fact on the issue of soundness of mind was made out in the present case is close. Whatever may have been the mental condition of the testatrix before and after the date of the execution of the will and codicil, it cannot quite be said that the judge was plainly wrong as matter of law in denying the issue upon that question. *Fuller* v. *Sylvia, supra. Clark* v. *McNeil, supra. Burroughs* v. *White,* 246 Mass. 258. *Johnson* v. *Talbot,* 255 Mass. 155. *Johnson* v. *Harris,* 258 Mass. 201.

We do not mean to intimate that the question, whether jury issues are to be allowed in a will case, is a matter wholly within the absolute discretion of the judge of probate. He must exercise a judicial discretion, and if his decision is plainly wrong, it will be reversed. As was said in *Clark* v. *McNeil, supra,* at page 256, "The weight to be given to the decision of the probate judge is that to which it seems entitled in the light of the whole record."

We are of opinion, with hesitation, that the decision of the Probate Court was not erroneous as matter of law.

*Decree denying motion for jury issues affirmed.*