ARTHUR G. TAYLOR *vs.* MARY J. CALLAHAN & others.

Hampden.    December 5, 1928. — January 4, 1929.

Present: CROSBY, PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Probate Court*, Jury issues, Findings by judge, Appeal. *Unsound Mind.*

Where, upon appeal from the denial of a motion that an issue for trial by jury be framed upon a petition for proof of a will, evidence taken by a stenographer appointed under G. L. c. 215, § 18, is reported, this court will examine such evidence and reach its own conclusions of fact, but the decision of the judge of the probate court will not be reversed unless it is plainly wrong.

At the hearing of a motion that such an issue as to the testator's sound-
ness of mind be framed, it appeared that the will was made about a
month previous to his death.  The respondent offered evidence that the
testator, who was sixty-eight years of age when he died, had suffered
a paralytic shock two years previously, which weakened him mentally
and physically;  and that a marked change for the worse thereafter
occurred in his personal appearance, manner, conduct and management
of his property.  The petitioner offered evidence that, during the two
years before the testator's death, he displayed keenness of mind and
intelligence, an acute grasp of current events and a shrewd control of
his affairs.  Experts in psychiatry, in answer to hypothetical questions,
expressed opinions that the deceased was of unsound mind.  The motion
was denied.  *Held,* that no error was shown in such denial.

PETITION, filed in the Probate Court for the county of
Hampden on January 11, 1927, for proof of the will of
John A. Callahan, late of Holyoke, made November 12,
1926.

The testator's next of kin moved that an issue as to his
soundness of mind when he executed the alleged will be
framed for trial by jury.  The motion was heard by *Long,* J.,
a stenographer having been appointed under G. L. c. 215,
§ 18, to take the evidence; and was dismissed.  The re-
spondents appealed.

The case was submitted on briefs.

*W. P. Hayes, C. W. Johnson, & C. B. Rugg,* for the
respondents.

*S. S. Taft, J. B. Ely, & F. M. Kingsbury,* for the
petitioner.

PIERCE, J.   This is an appeal from the denial by the Pro-
bate Court of a motion to frame a jury issue on a petition
for the allowance of a will.  The petition for proof of the
will of John A. Callahan, late of Holyoke, was filed January
11, 1927.  Legal notice to show cause, if any, why the
petition should not be granted was issued by the Probate
Court and duly served.  Three sisters and a brother of the
decedent, who were his only heirs at law and next of kin,
appeared in opposition thereto and filed a motion for the
following issue to a jury: "Was the said John A. Callahan
at the time of the execution of the said alleged will of sound
mind?"  At their request the testimony of witnesses who
were orally examined before the Probate Court was taken

stenographically, pursuant to G. L. c. 215, § 18. The motion was denied and the contestants appealed.

The testimony thus taken warranted the finding of the following facts: John A. Callahan, a former school teacher, died December 29, 1926, at the age of sixty-eight. During the last two years of his life he was in feeble health. In 1924, he suffered a paralytic shock which affected his power of speech and the control of his emotions, and which weakened him both physically and mentally. Up to that time he was a man of culture and refinement, academic in his tastes, careful as to his personal appearance, and prudent and conservative in the management of his property. Thereafter he became slovenly, unkempt, untidy in personal appearance, uncouth in manner, careless with and disregardful of his money, and in other ways so obnoxious that his company was shunned.

On the other hand, to controvert this testimony a number of witnesses called by the proponent of the will testified to his keenness of mind, acute grasp of current events, and shrewd control of his own affairs during the two years last preceding his death. The testimony of these witnesses warranted a finding that whatever may have been his physical defects or mental peculiarities he in fact attended to his own business affairs, travelled about as he pleased, and was always alert and intelligent.

The mere request for the framing of issues is not sufficient to confer a right on contestants to have an issue or issues framed and tried to a jury. To entitle contestants to have issues framed there must be a presentation of facts upon which there can warrantably be based a reasonable hope for a result favorable to the contestants. *Fuller* v. *Sylvia,* 240 Mass. 49. The question here is, Does the evidence disclose facts which present a real issue proper for judicial inquiry? It is the practice of this court to frame issues to a jury after a decision of a judge of probate only where the facts present a genuine question of doubt. In such case this court will examine the evidence reported and reach its own conclusions of fact, but the decision of the probate judge will not be reversed unless plainly wrong.

In its facts the instant case is closely analogous to that of *Union Trust Co. of Springfield* v. *Magenis*, 259 Mass. 409, 411, 412, where, succinctly stated, the testimony tended to prove that prior to her husband's death in September, 1921, the decedent wore good clothes and kept herself clean; that after that time she was ragged and dirty all the time, seldom combed her hair, was unkempt, refused to bathe, complained of being poor, did not provide for herself proper food, was forgetful, had hallucinations, was suspicious of those with whom she did business and was miserly and peculiar. This court held that, whatever may have been the mental condition of the decedent "before and after the date of the execution of the will and codicil, it cannot quite be said that the judge was plainly wrong as matter of law in denying the issue upon that question." "The weight to be given to the decision of the probate judge is that to which it seems entitled in the light of the whole record." *Clark* v. *McNeil*, 246 Mass. 250, 256. In both *Union Trust Co. of Springfield* v. *Magenis, supra*, and the case at bar, specialists or experts in psychiatry were called as witnesses, and in each case, in answer to a hypothetical question of great length which contained an exhaustive summary of the pertinent facts of the case, expressed an opinion that the decedent was of unsound mind.

*Decree denying motion for jury issue affirmed.*