FLORENCE FOYNES, administratrix, *vs.* NEW YORK CENTRAL RAILROAD COMPANY.

Suffolk. May 11, 1931. — June 23, 1931.

Present: CROSBY, PIERCE, CARROLL, WAIT, & FIELD, JJ.

*Negligence,* Of railroad, Causing death. *Railroad. Wilful, Wanton or Reckless Misconduct. Words,* "*Person.*"

G. L. c. 229, § 3, does not provide a remedy for death caused by wilful, wanton or reckless misconduct on the part of a railroad corporation.

An action for death cannot be brought against a railroad corporation under G. L. c. 229, § 5, as amended by St. 1922, c. 439, and St. 1925, c. 346, § 9.

An action cannot be maintained against a railroad corporation for death caused by wilful, wanton or reckless misconduct on the part of the defendant.

The word "person" appearing in G. L. c. 229, § 5, as amended by St. 1922, c. 439, and St. 1925, c. 346, § 9, even though it includes corporations by reason of G. L. c. 4, § 7, does not include such corporations as are excluded expressly from its scope.

TORT. Writ in the Municipal Court of the Brighton District of the City of Boston dated December 8, 1930.

The declaration is described in the opinion. The defendant demurred. On removal to the Superior Court, the demurrer was heard by *Keating,* J., and was sustained. The judge reported the action for determination by this court.

*H. W. Sullivan,* for the plaintiff.

*L. A. Mayberry,* (*H. L. Barrett & A. L. Brown* with him,) for the defendant.

CROSBY, J. This is an action to recover for the death of

the plaintiff's intestate, Donald Foynes, who was struck and killed by one of the defendant's trains while walking on its tracks, in Allston, on April 8, 1930. The declaration is in four counts; the second and third were waived at the trial, and the first is waived here. The sole question before this court is whether the fourth count states a cause of action. This count alleges that the defendant is a railroad corporation; that the defendant was required by G. L. c. 160, § 93, to erect and maintain a suitable fence on both sides of the entire length of the railroad; that the defendant failed to erect and maintain a suitable fence on the right side, west bound, of its railroad and "that as a result of the failure to comply with G. L. c. 160, § 93, the plaintiff's intestate was permitted to come upon its railroad and that the defendant, its agents or servants by their wilful, wanton and reckless misconduct struck and killed the plaintiff's intestate, all to her great damage as in her writ and declaration alleged."

A demurrer to this count was rightly sustained. It has long been held in this Commonwealth that in the absence of statutory provision no recovery can be had for the death of a person, however wrongfully caused by another. *Carey* v. *Berkshire Railroad,* 1 Cush. 475. *Sherlag* v. *Kelley,* 200 Mass. 232, and cases there collected. *Wescott* v. *Henshaw Motor Co.* 275 Mass. 82, 85. In this Commonwealth the whole subject is now covered by statutes. The statutes conferring a right of recovery for wrongfully causing the death of another are collected in G. L. c. 229, and its several amendments. Section 1, as amended by St. 1929, c. 119, § 1, authorizes an action for damages for death caused by a defective way; § 2, as amended by St. 1921, c. 486, § 35, allows an action for damages for death due to the negligence of a common carrier of passengers except a railroad, street railway or an electric railroad company; § 3 provides for action against a railroad, street railway, or electric railroad corporation, for death by reason of its negligence or the unfitness or negligence of its agent or servant while engaged in its business; § 4, as amended by St. 1929, c. 119, § 2, gives a right of action to the widow or next of

kin of an employee against an employer for negligence which results in his death; § 5 provides for an action in a case resulting in death from negligence not previously enumerated in G. L. c. 229. An action against a railroad company for death resulting from negligence can be brought only under G. L. c. 229, § 3, which reads in part as follows: "If a corporation operating a railroad, street railway or electric railroad, by reason of its negligence or of the unfitness or negligence of its agents or servants while engaged in its business, causes the death of a passenger, or of a person in the exercise of due care who is not a passenger or in the employment of such corporation . . . . Such corporation shall . . . be liable in damages . . . which shall be recovered in an action of tort, . . . by the executor or administrator of the deceased . . . ." Count 4 of the declaration upon which the plaintiff relies does not allege such conduct of the defendant as would entitle her to recover under G. L. c. 229, § 3. That section provides a remedy arising from death caused by negligence, but it does not create a right of action due to wilful, wanton and reckless conduct, as alleged. The difference "between negligence, whether ordinary or gross, and conduct which is wilful, wanton, in reckless disregard of the rights of others, is a difference in kind and not merely one of degree." *Cotter, petitioner,* 237 Mass. 68, 72. A statute that authorizes an action for negligence resulting in death cannot be construed as creating or permitting an action for wanton, wilful and reckless conduct that results in death. *Prondecka* v. *Turners Falls Power & Electric Co.* 238 Mass. 239. In the case last cited it was said by *Jenney,* J., at pages 243–244: "A statute cannot be extended by construction or enlargement beyond its fair import. If it does not reasonably include a right of action, none can be implied. The argument of hardship or unintentional omission is not enough. Nor is a statute enlarged because it does not give a remedy for something of more flagrant character than that to which it applies." That action was brought under R. L. c. 171, § 2, as amended by St. 1907, c. 375, now G. L. c. 229, § 5. The present action is brought under G. L. c. 229, § 5, as amended

by St. 1922, c. 439, and St. 1925, c. 346, § 9. It is the contention of the plaintiff that under the statute as amended a right of action is given for death resulting from a wilful, wanton and reckless act of the defendant. The amendment, however, has no effect upon G. L. c. 229, § 3. This latter section remains unamended or unchanged by the changes wrought by the Legislature in other sections of G. L. c. 229. (See now St. 1925, c. 346, § 9.) G. L. c. 229, § 5, as amended, expressly excludes actions against railroad corporations from its operation by the introductory clause "Except as provided in sections one, two and three." It is plain that the cause of action given by the amendment for death resulting from wanton and reckless conduct in certain cases is not applicable to railroad corporations, whose only liability for death is limited under G. L. c. 229, § 3, and is based upon negligence. The plaintiff contends that the word "person" which appears both in G. L. c. 229, § 5, and in the amendment (St. 1922, c. 439) includes corporations in view of G. L. c. 4, § 7, which reads: "In construing statutes the following words shall have the meanings herein given, unless a contrary intention clearly appears." The twenty-third clause of that section provides that the word " 'Person' . . . shall include corporations . . . ." Assuming that this contention is sound it does not follow that the word "person" as used in § 5 includes railroad corporations which are expressly excluded from its operation. This construction is required in principle by *Brooks* v. *Fitchburg & Leominster Street Railway*, 200 Mass. 8, 17–18.

It follows that the demurrer to the fourth count was rightly sustained. In view of the conclusion reached it is unnecessary to consider other grounds advanced by the defendant for sustaining the demurrer.

*Order sustaining demurrer affirmed.*
*Judgment for the defendant.*