THOMAS G. CONNOLLY *vs.* MARIE R. PHIPPS & others.

Norfolk.    May 9, 1932. — September 14, 1932.

Present: RUGG, C.J., WAIT, FIELD, & DONAHUE, JJ.

*Probate Court,* Jury issues, Findings by judge, Appeal.  *Will,* Validity.

At the hearing of a motion, by respondents in a petition for proof of a will, for jury issues, whether the document offered for probate was "executed according to law" and whether it was "the actual will" of the alleged testator, oral statements of expected evidence were made by counsel for the respective parties and the judge heard testimony of three persons who signed the document as witnesses and of an attorney who drew it, they being all the persons who appeared to have been present at the time of its alleged execution.  Evidence was offered that at the time of the alleged execution the decedent was mentally and physically well, while six months later he was neither.  The contestants offered testimony of handwriting experts, based on standards of writing made shortly before the death of the decedent when he was apparently in a weakened physical condition, that in their opinion the signature on the document was not the signature of the decedent,

and also evidence of oral and written statements of the decedent inconsistent with the execution of the document but made several months after its date at a time when he was very ill after attempted suicide. The motion was denied. Upon appeal by the respondents, it was *held,* that

(1) The decision by the judge of probate upon the oral evidence heard by him should not be reversed by this court unless it appeared from the whole record to be clearly wrong;

(2) The denial of the motion by the judge involved a conclusion by him that the attesting witnesses told the truth, and the further conclusion that on the record before him, including the statement of expected proof made by counsel for the contestants, there was not contrary evidence of a substantial nature on which "there could warrantably be based a reasonable hope for a result favorable to the contestants";

(3) The record disclosed no error of law in the denial of the motion.

PETITION, filed in the Probate Court for the county of Norfolk on November 25, 1931, for proof of the will of Charles Fein, late of Brookline.

The next of kin of the alleged testator filed the motion for jury issues described in the opinion. The motion was heard by *McCoole,* J. Material portions of oral statements by counsel of expected evidence, and oral testimony presented, are described in the opinion. The motion was denied. The respondents appealed.

*A. R. Shrigley, (J. P. Keefe* with him,) for the respondents.

*M. Rosenthal, (T. G. Connolly* with him,) for the petitioner.

DONAHUE, J. This is an appeal from an order of a judge of probate denying a motion to frame issues for a trial by jury respecting the will of Charles Fein. The only issues requested were whether the document offered for probate as his will was "executed according to law" and whether it was "the actual will" of Charles Fein. The contention of the contestants is that Fein did not sign the instrument in question. The motion was heard on oral statements of expected proof made by counsel for the proponent of the instrument and by counsel for the contestants, and on testimony of three persons who signed it as witnesses and of the attorney who drew it.

The probate judge under the well established practice was justified in framing the requested issues only if he was

satisfied on the case as presented before him that there was "a genuine and doubtful question of fact to be decided" and was further satisfied that it was "supported by evidence of a substantial nature," on which might be founded "a reasonable hope for a result favorable to the" contestants. *Fuller* v. *Sylvia*, 240 Mass. 49, 53. *Johnson* v. *Loring*, 267 Mass. 310. The same problem that came before the probate judge is presented to this court on the appeal with the added factors that in any event his decision is here to be given some weight, such weight as the whole record shows it deserves (*Clark* v. *McNeil*, 246 Mass. 250, 256, *Daly* v. *Hussey*, 275 Mass. 28, 30), and that since oral evidence was introduced before the probate judge his decision on matters there embraced cannot here be reversed unless it appears from the whole record plainly wrong. *Cook* v. *Mosher*, 243 Mass. 149, 153. *Union Trust Co. of Springfield* v. *Magenis*, 259 Mass. 409, 411. *Taylor* v. *Callahan*, 265 Mass. 582, 584. In the present instance the probate judge heard the oral sworn testimony of three persons who signed as witnesses the instrument offered for probate and of the attorney who drew it, these being all the persons appearing to have been present at the time of its alleged execution. In deciding the narrow question of fact as to whether the decedent signed the instrument or whether it was the result of a conspiracy of the four persons involved to produce a false will, the probate judge had the obvious advantage which this court now does not have of seeing the witnesses face to face and estimating their personal honesty and reliability. The probate judge could properly have given substantial weight to any impression as to truthfulness made upon him by the testimony of the four witnesses who said they saw the decedent sign the will. His denial of the motion involved a conclusion by him that they told the truth, and the further conclusion that on the record before him, including the statement of expected proof made by counsel for the contestants, there was not contrary evidence of a substantial nature on which " there could warrantably be

based a reasonable hope for a result favorable to the contestants." *Logan* v. *Driscoll*, 278 Mass. 450, 453. At the time of the alleged execution of the instrument in question the decedent was mentally and physically well. Six months later the evidence indicates that he was neither. The statement for contestants recites that two handwriting experts would testify that in their opinion the signature on the proposed will was not the signature of the decedent. This was based solely on standards of writing made shortly before his death and when he was apparently in a weakened physical condition. No reason appears why standards of his writing made while he was in good health were not examined by the experts as the basis of an opinion. We cannot say the judge was plainly wrong if he concluded that opinions so founded did not afford a substantial basis for the framing of the issues for the jury. *Swift* v. *Charest*, 268 Mass. 47, 50. *Taylor* v. *Callahan*, 265 Mass. 582, 585. Nor can we say the judge was manifestly wrong if he found that oral and written statements of the decedent, inconsistent with the execution of the will but made several months after its date at a time when he was very ill after attempted suicide, should not be regarded as substantial evidence against the oral testimony as to its due execution, nor if he found that under the circumstances appearing the provisions of the will were not unnatural or abnormal. We are of opinion, after examining and considering the whole record, that it did not under the established practice require the probate judge to frame the issues presented and therefore that we cannot reverse his decision.

*Order denying motion for issues affirmed.*