THOMAS G. CONNOLLY *vs.* MARIE R. PHIPPS & others.

Norfolk. May 12, 1933. — July 3, 1933.

Present: RUGG, C.J., PIERCE, WAIT, FIELD, & LUMMUS, JJ.

*Probate Court,* Jurisdiction. *Domicil. Estoppel.*

An issue before the Probate Court for a certain county, whether a decedent, whose alleged will was presented to that court for probate, had been domiciled in that county, was one affecting the jurisdiction of the court to entertain the petition for probate and was not merely one of venue.

The circumstance, that one named as executor in an alleged will brought a petition for its probate in the Probate Court for a certain county, did not bar him, after the entry of a decree disallowing the alleged will, from seeking vacation of the decree on the ground that the court had had no jurisdiction of his petition because the decedent had not been domiciled in that county.

On the issue, whether an unmarried decedent had been domiciled in the county of Norfolk, it appeared that for many years he had worked at Norwood and had lived at a boarding house in Boston; that, being in poor health, he went to New Hampshire to stay for a time with his sister; that, shortly thereafter, still in poor health, he returned with his sister from New Hampshire to her home in Brookline, where he remained until his death a week later; and that at all times he intended, upon regaining his health, to return to work at Norwood and to live there and not to return to Boston to live. *Held,* that

(1) The decedent had not established a domicil in Norwood, because he had not actually gone there with the intention of making it his home;

(2) The facts did not warrant an inference that the decedent intended to or had established a domicil at Brookline;

(3) A conclusion, that the decedent at the time of his death was domiciled in the county of Norfolk, was not warranted.

PETITION, filed in the Probate Court for the county of Norfolk on February 9, 1933, to vacate a decree previously entered disallowing an instrument offered for probate as the will of Charles Fein.

The petition was heard by *McCoole,* J., a stenographer having been appointed under statutory provisions, and was denied. The petitioner appealed. Material facts reported

by the judge and rulings made by him are described in the opinion.

R. G. Dodge, (M. Rosenthal & T. G. Connolly with him,) for the petitioner.

D. J. Gallagher, (J. P. Keefe with him,) for the respondents.

PIERCE, J.   This is an appeal by the proponent of an instrument alleged to be the last will and testament of Charles Fein, late of Brookline in the county of Norfolk, deceased, from a decree of the Probate Court for said county dated March 16, 1933, dismissing his petition praying to vacate the decree dated December 19, 1932, that disapproved and disallowed the said instrument as the last will and testament of said deceased, for the reason that the court was without jurisdiction.

Charles Fein died in Brookline, on October 10, 1931. On October 20, 1931, his sister, Marie R. Phipps, filed a petition in the Probate Court for Norfolk County seeking to prove a will executed by him in 1916. On November 25, 1931, Thomas G. Connolly filed a petition in said Probate Court seeking to prove a will alleged to have been executed by said Charles Fein on February 7, 1931. The proponent of the will of 1916 contested the probate of the will of 1931, and filed in the said Probate Court two motions to frame issues for a jury in which Charles Fein was described as Charles Fein late of Norwood and as Charles Fein late of Brookline. These motions were denied and on appeal the decree of the Probate Court was affirmed in this court. Connolly v. Phipps, 280 Mass. 263. After rescript, a hearing was had in said court and December 19, 1932, a decree was entered "disallowing said instrument as the last will and testament of said deceased." The proponent, Connolly, claimed an appeal from said decree and seasonably requested a report of material facts. On February 2, 1933, the judge of probate reported the material facts. Thereafter, Connolly filed a petition to vacate said decree dated December 19, 1932, on the ground that at the time of his decease Charles Fein was an inhabitant and resident of the city of Boston and "that consequently the Probate Court for Nor-

folk County has no jurisdiction of the probate of the will of said Charles Fein or of the administration of his estate under the provisions of G. L. (Ter. Ed.) c. 215, § 3." On this petition citation was duly issued on February 14, 1933, and service of the same was accepted and acknowledged by the contestants and proponent of the will of 1916. At the hearing on this petition Connolly presented certain requests for rulings of law. Upon these requests the judge of probate, in substance, ruled that the evidence permitted a finding that Fein at his death did not have a domicil in Dorchester; that Fein never established a residence at Norwood; and that he had abandoned his residence in Dorchester and had acquired a new domicil in Brookline. After hearing the Probate Court by decree dismissed the petition on March 16, 1933, and Connolly appealed to this court. The only question presented is, "Did the Probate Court have jurisdiction in the premises?"

So far as is material to the issue here presented G. L. (Ter. Ed.) c. 215, § 3, reads: "Probate courts shall have jurisdiction of probate of wills, of granting administration on the estates of persons who at the time of their decease were inhabitants of or residents in their respective counties." This statute has been construed as giving to a probate court jurisdiction of the probate of wills only of such inhabitants as have their domicil within the county at their death. *Harvard College* v. *Gore,* 5 Pick. 370, 379. See *Emery* v. *Emery,* 218 Mass. 227, 228; *Glass* v. *Glass,* 260 Mass. 562, 565. In the instant case the judge of probate ruled rightly that the question before the court was one of jurisdiction and not of venue. The fact that Connolly, the proponent, brought his petition in Norfolk County does not bar him from raising now a question involving lack of jurisdiction in the court, because a party cannot by his own action confer actual jurisdiction upon a court, which by statute has no jurisdiction of the subject matter. *Eaton* v. *Eaton,* 233 Mass. 351, 364. *Paige* v. *Sinclair,* 237 Mass. 482, 483.

The material facts disclose that Charles Fein died at Brookline, October 10, 1931. He was fifty-nine years of age, was unmarried, and had worked for thirty-five years

as a bookbinder at Norwood. He had lived as a roomer and boarder for some twelve years at the house of Mrs. McNerney, in Dorchester, travelling each day by train to his work in Norwood. Except for brief vacation intervals he had not been away from Mrs. McNerney's house from the time he went to live there until about September 19, 1931. In July, 1931, he became ill and was obliged to stop work. In August, 1931, Mrs. McNerney said to him in the course of a talk between them, that now that her family were grown and that his state of health required particular care, she did not feel that she could keep him in her house unless she and he got married, and if he did not want to marry her, he would have to make a change and live elsewhere. Fein said to her that for one thing his state of health forbade any thought of marriage. In half an hour after this conversation Fein took an overdose of medicine in his own room and was dangerously ill. From this time until the middle of September, 1931, he was under medical treatment. In the summer of 1931, he was troubled with a very marked condition of insomnia, and was advised by his doctor to lead "a country life for a time." About September 19, 1931, he went to New Hampshire to stay with his sister, Marie R. Phipps, who was spending her vacation there. On leaving to go to New Hampshire he took with him all things that were of any use to him which he had at Mrs. McNerney's house. Still in bad health, he returned on October 3, 1931, with his sister, Mrs. Phipps, to her home in Brookline. Until he died, on October 10, 1931, he spent his nights at the home of Mrs. Phipps and his days and Sundays with his half brother, Amos Schaeffer, in Boston. After he came back from the country, he spoke about the matter of his home and where he was going to live. He said to his half brother, "Well, I am glad to get home." He said he had a good time up in the country, and "I hope I will get well pretty soon so I can go to work and go to Norwood and live there." He also said he was going to live at his sister's house nights and with his half brother "days and Sundays, — during the week." During this period he told his half brother that he would like to

have him go to Mrs. McNerney's and get his overcoat and black bag, and said: "You will find a lot of things there . . . that isn't worth anything. You needn't bring them home . . . I don't want them. But she has got a lamp . . . that is mine. I don't have any use for it, but if you want it . . . you can ask for it."

Evidence which need not be recited would warrant the probate judge in finding as a fact that Charles Fein did not intend to go back to Dorchester when he returned from the country and had regained his health. The evidence is positive that he intended to live in Norwood when he "got well enough to go to work in Norwood"; and it is equally positive and uncontradicted that he had no intention to stay with Mrs. Phipps beyond the time he should get well enough to go to work in Norwood. Against the uncontradicted evidence of the proponent and contestants there was no room for an inference that Charles Fein intended or had established a domicil in Brookline. It is settled law that Charles Fein could not establish a home in Norwood without actually going there with the intention of making it his home, and the probate judge so found. *Shaw* v. *Shaw*, 98 Mass. 158, 160. *Ness* v. *Commissioner of Corporations & Taxation*, 279 Mass. 369, 372, and cases cited.

The question remains whether Fein acquired a domicil in the county of Norfolk without a fixed habitation in some particular town in that county. *Winans* v. *Winans*, 205 Mass. 388. However that may be, this case falls within the principle recognized in *Winans* v. *Winans*, 205 Mass. 388, 391, that a person intending to live permanently in a particular town cannot acquire a domicil in the State, or county, where such town is, until he reaches his predetermined place of abode, for the reason that the fact and the intent would not have concurred, it being settled law that a domicil once established is presumed to continue until it is superseded by a domicil acquired by an actual change of residence with the intention of remaining permanently at the place of removal. *Sullivan* v. *Ashfield*, 227 Mass. 24, 26. *Tuells* v. *Flint, ante,* 106, 109. It follows in the

case at bar that the Probate Court was without jurisdiction to grant administration on the estate of Charles Fein and that the decree must be reversed.

*Ordered accordingly.*