Pettingell, J.
Action of contract reported to the Appellate Division, under the provisions of Chapter 352 of the Acts of 1931, by the trial judge to whom the case was submitted upon a statement of agreed facts.
The vital facts are, that the plaintiff, prior to the enactment of Chapter 453 of the Acts of 1931, which established the Cambridge Retirement System, was an employee of the School Department of the City of Cambridge, and that when the said Act became effective,.on January 1, 1932, the plaintiff elected to become a member of the said “System”, receiving a prior service certificate, and thereafter making the contributions required by the “System” of its members, which, with interest at the date of the writ, amounted *16 to $359.69; that prior to the issuance of the writ, the plaintiff notified the Retirement Board of his intention not to continue as a member but to continue in the employ of the city, and requesting the return to him of all amounts previously deducted from his salary as contributions. The Retirement Board replied that it did not have the power to grant his request and denied it without prejudice.
The trial judge found for the defendant.
The purpose of Chapter 453, of the Acts of 1931, as stated in Section 1 of the Act, is “to improve the efficiency of the public service of the City of Cambridge, * * * by the retirement of disabled or superannuated employees’’. To accomplish this purpose the Act establishes a “System” by which all persons becoming employees of the city, after the passage of the act, automatically became members of the “System” and those who were already such employees were to become such members unless, within a specified time, they gave notice of an election not to become members. The Act then further provides that a member on reaching the age of sixty may apply for retirement, but that on reaching the age of seventy, each member “shall be retired for superannuation not less than thirty nor more than ninety days after attaining such age”.
It is apparent that the main purpose of the Act is to protect the City of Cambridge, and to increase the efficiency of its various departments by making impossible the retention of superannuated employees. While the protection of the employees is ensured by providing retirement payments, such provision is clearly incidental to the protection to be given the city by increasing the efficiency of its various services.
• The Act nowhere expressly provides any way in which an employee of the city, having become a member, can cease •to be a member and yet remain an employee. The plaintiff *17 contends that withdrawal from membership while continuing as an employee, is possible by implication, being permitted by Sections 4 and 10 of the Act. Section 4 provides,
“ (5) Should any member in any period of six consecutive years after last becoming a member be absent from service more than five years, or should any member withdraw his accumulated deductions or become a beneficiary hereunder or die, he shall thereupon cease to be a member. ’ ’
Section 10, provides,
“ (10) Within sixty days after filing with the retirement board of a request therefor, any member who shall have ceased to be an employee by resignation or discharge, or for any reason other than death or retirement shall be paid the amount of his accumulated deductions. ’ ’
The foregoing are the only places in the act in which the return of accumulated deductions is mentioned. It is plain that one ceasing to be an employee can withdraw the money which has accumulated to his credit. It is probable that a member can make such withdrawal but the issue here presented is whether he can so withdraw his money and still retain his status of employee.
At the outset it should be noted that the statute requires that all who become employees after the passage of the Act “shall” become members of the “System”. It allows no option such as is given those who were employees prior to the passage of the act. Membership in the “System”, with its consequent enforced retirement at the age of seventy, is the apparent procedure by which the presence of superannuated employees is to be avoided.
Next, it is to be noted that, if the plaintiff’s contention is sound, any member, whether the beginning of his employment was prior or subsequent to the effective date of the statute, may withdraw his accumulated deductions and yet continue as an employee, whether superannuated or not.
*18 In other words, membership in the “System” according to the plaintiff’s contention, is entirely voluntary; the necessary consequent result of such an interpretation is that no employee can be retired against his will. By withdrawing his membership in the “System”, he can defeat the purpose of the act.
“It is a principle of general scope that a statute must be interpreted according to the intent of the makers, to be ascertained from its several parts and all its words construed by the ordinary and approved usage of the language, unless they have acquired a peculiar meaning in the law, considered in connection with the cause of its enactment, the subject matter to which it applies, the pre-existing state of the common and statutory law, the mischief or imperfection to be remedied, and the main object to be accomplished, to the end that it may be given an effect in harmony with common sense and sound reason”. Duggan v. Bay State Street Ry., 230 Mass. 370, at 374; “a statute as a whole is to be construed so as to make it an effectual piece of legislation in harmony with common sense and sound reason”, Dascalakis v. Commonwealth, 244 Mass. 568, at 570. “The manifest intention of the Legislature, as gathered from its language considered in connection with the existing situation and the object aimed at, is to be carried out”. Moore v. Stoddard, 206 Mass. 395, at 399. “In construing a statute and arriving at the intention of the Legislature, not only must the words used be considered, but the purpose to be accomplished is also to be regarded.” Nickels v. Scholl, 228 Mass. 205, at 209. “A statute as a whole ought, if possible, to be so construed as to make it an effectual piece of legislation in harmony with common sense and sound reason.” Morrison v. Selectmen of Weymouth, 279 Mass. 486, at 492.
*19 A consideration of the above stated principles of interpretation leads us to the belief that the Legislature could not have intended to enact a statute which would be of no effect if those who were to be affected by it could at will nullify it and prevent the accomplishment of its declared purpose. Assuming- that the presence of superannuated employees in city departments is a detriment and an interference with efficient service, and that the Legislature, intending “to improve the efficiency of the public service * * * by the retirement of * * * superannuated employees ’ ’, enacted legislation requiring membership in a retirement system with compulsory retirement features, it would not be giving effect to the purpose to be accomplished or construing the statute enacted so as “to make it an effectual piece of legislation in harmony with common sense and sound reason”, to decide that although membership in the retirement system is compulsory, there is nothing which makes the continuation of such membership compulsory.
We prefer to take the view that those employees accepting city employment, after the effective date of the act, accepted membership in the “System” in view of the act creating the “System”, and that their contracts of employment “must be deemed to have been made in view of” this particular statute which thereupon “constituted a part of the terms” of the employment. Ransom v. Boston, 192 Mass. 299, at 307; that those employees in service before the Act was passed, by not giving notice of their election to remain out of the “System,” accepted the terms of the Act as an addition to their existing contracts; and that membership in the “System,” once accepted, is not optional as to its continuance, but is compulsory while the relation of employee continues.
If this interpretation is accepted, then Section 4 (5), and Section 10 (1) are not inconsistent but are entirely in bar- *20 many. Under Section 4 (5), any member may withdraw his accumulated deductions and thereby cease to become a member, but, as a necessary consequence, he ceases also to be an employee. Under Section 10 (1), if he ceases to become an employee, he shall also cease to become a member and may withdraw what is due him. Section 4 (5) deals with ceasing to become a member. Section 10 (1) applies to the termination of employment. The words in that section, “for any other reason” are given effect if they are applied to a member who withdraws his accumulated deductions. Section 10 (1) is the only section directly dealing with withdrawals; it is significant that the section provides only for withdrawals after the one withdrawing has ceased to be an employee.
On the merits of the case we are of opinion that the report should be dismissed. There is, however, another reason why, in our opinion, the present action cannot be maintained. Section 19 of the Act provides that,
“The supreme judicial court shall have jurisdiction in equity upon the petition of the retirement board or any interested party * * * to compel the observance and restrain any violation of this act and the rules and regulations authorized or established thereunder.”
Although no question has been raised as to the capacity of the Cambridge Retirement System to be sued in an action at law, we are of opinion that the case falls within the principle that, “where a statute has been enacted seemingly intended to cover the whole subject to which it relates, including a remedy for its infraction, other provisions of the common law, including such as are remedial in nature are thereby superseded,” School Committee of Lowell v. Mayor, 265 Mass. 353, at 357. The same statute which creates the duty, provides the remedy for the breach of that duty, ibid, at 357. See also, O’Connor v. Boyden, 268 Mass. 111, at 114, *21 115; Salisbury v. Salisbury Water Supply Co., 279 Mass. 204, at 206, 208; Knowlton v. Swampscott, 280 Mass. 69, at 71, 72.
In our opinion the district court had no jurisdiction of an action of contract on these facts, and it is our duty to take notice of this want of jurisdiction although that defence has not been raised or argued. Hey v. Prime, 197 Mass. 474, at 475; Fourth National Bank v. Mead, 214 Mass. 549, at 550, 551; Eaton v. Eaton, 233 Mass. 351, at 364; Paige v. Sinclair, 237 Mass. 482, at 483; Lonergan v. American R’y Express Co., 250 Mass. 30, at 40; Holt v. Holt, 253 Mass. 411, at 414. See also, Moll v. Wakefield, 274 Mass. 505, at 507; Connolly v. Phipps, 283 Mass. 584, at 586.
The report is to be dismissed.