### ABASTILLAS v. ATLANTIC UNION COLLEGE.

#### Civ. A. No. 50–919.

United States District Court
D. Massachusetts.

Feb. 8, 1951.

Francis W. Marks, Bernard P. Rome, and Wasserman & Salter, all of Boston, Mass., for plaintiff.

Merritt J. Aldrich, Boston, Mass., for defendant.

FORD, District Judge.

Plaintiff in this action seeks damages for the loss of the earnings of his son during said son's minority. The son is alleged to have been killed while in the employment of

36. See cases cited in Notes 6, 7, and 8.

defendant and as a result of the negligence of defendant. Defendant moves to dismiss for failure to state a claim upon which relief can be granted.

The action is before this court under its diversity jurisdiction, and is based on a tort allegedly committed in Massachusetts, so that Massachusetts law must determine whether any relief can be granted. In Massachusetts the common law rule as laid down in Skinner v. Housatonic Railroad Corporation, 1 Cush. 475, 55 Mass. 475, was that a father could not recover for loss of services due to the negligently caused death of his minor child. Mass. G.L.(Ter.Ed.) Ch. 229 contains the statutory provisions governing actions for death. Nothing in that chapter confers any statutory right to damages for loss of services for the death of a child.

Plaintiff argues that the Massachusetts courts would not today follow their decision in the Skinner case, supra, since it was based on the view that since no damages could be recovered at common law for the death itself, neither could damages be recovered for loss of services consequent upon the death. But now, plaintiff contends, by statute there can be recovery for the death, hence the basis of the rule in the Skinner case no longer exists and the rule should no longer be followed. This is not, however, the view which the Massachusetts cases have taken. Statutes providing for recovery for death caused by negligence have now existed for many years in Massachusetts. The history of such death statutes is outlined in Brooks v. Fitchburg & Leominster Street Railway Co., 200 Mass. 8, 86 N.E. 289 and Hudson v. Lynn & Boston Railroad Co., 185 Mass. 510, 71 N.E. 66. Since the adoption of these statutes, the Massachusetts courts have adhered to the doctrine of the Skinner case, holding that no recovery can be had based on the death of a person except such as is provided for by statute. Foynes v. New York Central Railroad Co., 276 Mass. 89, 177 N.E. 119. There is no statute in Massachusetts which gives plaintiff the right to pursue his present claim.

Motion allowed; action dismissed.