HEINRICH PEBLER *vs.* WILLIAM PEBLER & others.

Norfolk.    December 8, 1954. — February 24, 1955.

Present: QUA, C.J., RONAN, WILKINS, & WILLIAMS, JJ.

*Will*, Validity, Execution.  *Probate Court*, Jury issues.  *Undue Influence.*

There was no error in denial of a motion in a contested will case for a
jury issue as to the due execution of the alleged will where testimony
of the three witnesses thereto as a whole showed proper execution,
although two of them testified that they did not recall whether the
testator had signed the instrument in their presence.  [298–299]

Lack of genuine testamentary intent on the part of an elderly unmarried
man, living alone, in making a will leaving all his property to a nephew
whom he desired to have come here from Germany to live with him
was not shown in the circumstances even if the will was executed by
reason of possibly incorrect advice to the testator by an attorney that
making a will would be necessary in order to get the nephew admitted
to this country.  [299]

PETITION, filed in the Probate Court for the county of
Norfolk on August 14, 1953, for proof of the will of Otto
Pebler, late of Canton.

A motion for jury issues was heard by *Reynolds, J.*

*James R. Bakker,* for the contestants.

No argument nor brief for the proponent.

WILLIAMS, J.  The contestants of an instrument purport-
ing to be the will of Otto Pebler, late of Canton, appeal from
a decree denying their motion to frame the following issues
for a jury.  Was the instrument purporting to be the last
will of Otto Pebler dated July 4, 1951, executed according
to law?  Was the execution of said alleged will procured by
the fraud or undue influence of Heinrich Pebler or Leo
Kornfeld?  Did Otto Pebler execute said instrument with
the understanding and purpose that it should be his last
will and testament?  The motion was heard on the state-
ments of counsel as to expected evidence (see *Fuller* v.
*Sylvia,* 240 Mass. 49, 53) and the oral testimony of the
three persons who had signed the instrument as witnesses.

The instrument is dated July 4, 1951, and bears the signatures of Otto Pebler and of Leo Kornfeld, Josef U. Wurzel, and Bertha Wurzel as witnesses. It purports to devise and bequeath all of Otto Pebler's property to his nephew Heinrich Pebler of Oberhessen, Germany. Heinrich is named executor. From the statements of counsel it appeared that Otto Pebler was a man approximately eighty years of age who owned and lived upon a small farm in Canton. He died on June 19, 1953. He was unmarried and lived with his brother upon the farm until February 25, 1951, when his brother died. Thereafter he lived alone and, becoming lonely, desired to have his nephew Heinrich Pebler who had always lived in Germany come to this country and live with him upon the farm. He expressed this desire to his neighbors Josef U. Wurzel and his wife, Bertha. They informed Leo Kornfeld, an attorney, whom they knew, of the situation and Mr. Kornfeld advised Otto that in order to have Heinrich admitted to this country he, Otto, must make a will. As a result of this advice, the instrument in question was drawn and executed. The testimony of the witnesses tended to show that Mr. Kornfeld wrote the alleged will in the kitchen of Otto's house on July 4, 1951; that he read what he had written to Otto; that he and Otto then went to the nearby home of the Wurzels; that Mr. Kornfeld told them that two additional witnesses were needed to Otto's will; that Otto signed the instrument in the presence of Mr. Kornfeld and the two Wurzels; and that Mr. Kornfeld and the Wurzels then signed as witnesses in Otto's presence. Although Mr. and Mrs. Wurzel testified that they did not recall whether Otto signed the instrument in their presence, Mr. Kornfeld testified that Otto did so sign. Failure by an attesting witness to recall the detailed circumstances of the attestation is not fatal to the validity of a will where adequate proof of the necessary facts is produced. *Dewey* v. *Dewey*, 1 Met. 349. *Tilden* v. *Tilden*, 13 Gray, 110. The denial by the judge of the motion so far as it pertained to the execution of the instrument indicates that he was satisfied that there was no evidence of a sub-

stantial nature tending to prove improper execution. His decision, based as it was upon oral testimony, cannot be held to have been plainly wrong. *Smith* v. *Brewster*, 247 Mass. 395, 398–399. *Union Trust Co.* v. *Magenis*, 259 Mass. 409, 411. *Connolly* v. *Phipps*, 280 Mass. 263, 265.

No contention is made that Otto was not of sound mind but it is argued that he was unduly influenced by erroneous advice given to him by his attorney and that he had no genuine testamentary intent. Without discussing the accuracy of the attorney's advice, we think it clear that as a result of it Otto formed the intent of making a valid will for the benefit of his nephew Heinrich. There is nothing to show that in executing the instrument he did not exercise his own free will or that he did not intend that Heinrich should inherit his property. The contestants are a nephew of Otto who lives in Germany and a brother and a niece who live in this country. There was no statement by counsel as to the relations of Otto with any of them. It does not appear that Heinrich knew that Otto contemplated the execution of a will in his favor or that Mr. Kornfeld had any improper motive in advising Otto to make a will. There are no elements of fraud or undue influence in the case. At most the expected evidence tends to show that the instrument was executed by reason of advice which although possibly wrong in point of law did not influence Otto to do other than what he wished and at some time intended to do. It is plain that he intended to make a valid will and that there was no substantial evidence that the instrument in question was not properly signed and attested.

*Decree affirmed.*