CHARLES R. O'CONNOR & another *vs.* WILLIAM A. BOYDEN & others.

Plymouth. January 21, 1929. — June 27, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, & WAIT, JJ.

*Probate Court*, Jurisdiction, Partition proceedings. *Equity Jurisdiction*, Of probate court. *Partition*. *Statute*, Construction.

When a statute, apparently designed to embrace the whole subject to which it relates, has been enacted, all previous provisions of the common or statutory law are no longer operative with respect to that subject.

The provisions of G. L. c. 241, §§ 2, 25, vest in the courts of probate, now courts of superior and general jurisdiction and clothed with all the attributes of courts of that character, exclusive jurisdiction both at law and in equity of matters pertaining to and directly arising out of petitions for partition; and a suit in equity cannot be maintained in the Supreme Judicial Court for a county which is based on alleged

fraud of a commissioner, appointed in proceedings in a probate court relating to the partition of land owned in common, in the conducting of a sale in the proceedings, on fraud of a purchaser at the sale, and on fraud of one of the tenants in common.

BILL IN EQUITY, filed in the Supreme Judicial Court for the county of Plymouth on November 5, 1927, and afterwards amended, described in the opinion.

The defendants demurred. The demurrers were heard by *Sanderson*, J., and were sustained, and a final decree dismissing the bill was entered. The plaintiffs appealed.

*E. Greenhood*, for the plaintiffs.

*H. K. Stone*, (*E. H. Fletcher* with him,) for the defendant William A. Boyden.

*H. C. Thorndike*, for the defendant Sarah I. O'Connor.

*W. G. Rowe*, for the defendant Herbert O. Townsend, submitted a brief.

RUGG, C.J. The plaintiffs allege in their bill in equity that in September, 1925, they and the defendant O'Connor were seised as tenants in common of specified land in Brockton of a value in excess of $60,000. In September, 1925, a petition for partition was filed in the Probate Court for Plymouth County upon which after due proceedings a decree was entered to the effect that said real estate be sold at public auction for not less than $48,000 after giving public notice of the time and place of sale as directed, and the defendant Boyden was appointed commissioner to make such sale. Under warrant issued to him, Boyden advertised the sale to be held on May 25, 1927, one clause in the notice being this: "TERMS: Five Thousand ($5000) Dollars will be required to be paid at the time and place of sale and the balance of the sale price is to be paid not later than the 8th day of June, 1927." At the time and place advertised, the sale was held and the defendant Townsend made the only bid, which was for the upset price of $48,000. The premises were knocked down to him at that price, which was much below their real value. No deposit was made then or thereafter, and the price was not paid until at least sixteen days after the date required in the advertisement. Under date of June 25, 1927, the commissioner's deed to the defendant Townsend was exe-

cuted and recorded.   Townsend later executed and delivered to the defendant O'Connor a deed of the premises, which has been recorded, and she is still the record holder of the title. In August, 1927, the Brockton Savings Bank in good faith took from O'Connor a mortgage for $42,000 on the premises as security for a *bona fide* loan of that amount.   No contention is made that the bank was a party to any of the wrongs complained of in the bill, and no attack is made on the validity of this mortgage.   The defendants, in May, 1927, in contemplation of the advertised sale but in fraud of the plaintiffs, conspired together to stifle bidding at the sale, to have Townsend bid ostensibly in his own sole behalf the lowest sum permissible under the warrant, to have Boyden waive the making of a deposit and insistence upon the payment of the price but notify no one else that the terms of sale would not be strictly insisted upon, and that later Townsend should sell to O'Connor, all for the secret benefit of Boyden alone or of him and one or both of the other defendants.   Pursuant to such fraudulent conspiracy and such secret interest, (a) Boyden chilled attendance and bidding at the sale and informed no one of relaxation of the terms of sale, (b) Townsend bid on and bought the property at the minimum permissible price, which was much less than its real value, (c) Boyden, secretly to all except Townsend and O'Connor, waived the advertised requirements of sale, (d) Townsend took the deed in the secret interest of Boyden or of Boyden and one or both of the other defendants and made conveyance thereof to O'Connor.   The prayers are that it be decreed that the defendant O'Connor holds said equity of redemption in trust for the plaintiffs and herself; that an injunction issue against conveying or in any way encumbering said premises; that an accounting be had, and that general relief be afforded.

Each of the defendants filed a demurrer.   The grounds, (1) that, since all the wrongs set forth in the bill arise out of a petition for partition, the entire matter is within the exclusive jurisdiction of the Probate Court under G. L. c. 241, § 2, and (2) that the present suit is an attempt to impeach collaterally the proceedings of the Probate Court, are com-

mon to all the demurrers.   Boyden assigns as further cause
for demurrer that the Probate Court has jurisdiction in
equity over all matters relating to petitions for partition and
sale of real estate and of accounting in respect thereto, and
that therefore the matters set forth in the bill are within the
exclusive jurisdiction of the Probate Court.   An interlocu-
tory decree was entered sustaining the demurrers and a final
decree dismissing the bill.   The appeal of the plaintiffs brings
the case here.

It is assumed in favor of the plaintiffs, but without so de-
ciding, that the facts alleged in the bill, if proved, show such
abuse of the fiduciary duties resting upon Boyden as com-
missioner, and participation in that abuse by the other de-
fendants, as would warrant the raising of a constructive
trust, the fastening upon the defendants of the requirements
of equity and good conscience, and the conversion of the
defendants into constructive trustees for the benefit of the
plaintiffs to the extent of their interests.   Perry on Trusts
(7th ed.), § 166.   *Batty* v. *Greene,* 206 Mass. 561.   *Rolikatis* v.
*Lovett,* 213 Mass. 545.   *H. C. Girard Co.* v. *Lamoureux,* 227
Mass. 277.   This point is not raised by the demurrers and
is not before us for determination.

The subject of petitions for partition of land is governed
by G. L. c. 241.   It there is provided by § 2 that the probate
"courts shall have exclusive jurisdiction of all petitions for
partition," and by § 25 that the "Probate Court in which a
petition has been brought under this chapter shall have juris-
diction in equity over all matters relating to the partition,"
with further specifications not here material.   Said c. 241
deals comprehensively with the whole field of petitions for
partition of land.   It contains many sections with more or
less minute regulations of all substantial and incidental
matters and steps in procedure.

It is a recognized principle that, when a statute has been
enacted apparently designed to embrace the whole subject
to which it relates, all previous provisions of the common or
statutory law are no longer operative with respect to that
subject.   *Doyle* v. *Kirby,* 184 Mass. 409, 411, 412, and cases
cited.   *Commonwealth* v. *Commissioner of Banks,* 240 Mass.

244, 250, 251, and cases cited. *Godfrey* v. *Building Commissioner of Boston,* 263 Mass. 589, 592, and cases cited. *School Committee of Lowell* v. *Mayor of Lowell,* 265 Mass. 353, 357, and cases cited. The sweep and nature of said c. 241 are such as to render that principle applicable to it. The terms of its §§ 2 and 25, already quoted, vest in the courts of probate, now courts of superior and general jurisdiction and clothed with all the attributes of courts of that character, complete jurisdiction both at law and in equity of matters pertaining to and directly arising out of petitions for partition. Of course, other matters having only a remote connection with petitions for partition are not within that jurisdiction. *Mosely* v. *Mosely,* 240 Mass. 22.

The allegations of the present bill are based on facts intimately interwoven with the petition for partition. They are founded on alleged misconduct of the officer appointed by the Probate Court to execute its decree for partition. It is difficult to conceive of a wrong more closely connected with a petition for partition than fraudulent conduct of the commissioner in conducting the sale, for the unjust enrichment of himself alone or of himself and others in confederation with him. Inquiry into such allegations upon proper proceedings is vested in the Probate Court under said c. 241.

The offer of the present petitioners to adopt as valid the mortgage given to the savings bank does not remove the case from the exclusive jurisdiction of the Probate Court.

The case at bar is distinguishable from *Holmes* v. *Holmes,* 194 Mass. 552, *Wilder* v. *Orcutt,* 257 Mass. 100, and other decisions upon which the plaintiffs rely. In principle the case at bar is governed by *Farquhar* v. *New England Trust Co.* 261 Mass. 209, and the cases there collected and reviewed. In view of that decision, no further discussion is necessary. See also *Ott* v. *Hogan,* 254 Mass. 491, and *Allen* v. *Hunt,* 213 Mass. 276, 279.

> *Interlocutory decree affirmed.*
> *Final decree affirmed with costs.*