AARON LEVINSON *vs.* FRANK A. CONNORS.

Suffolk.    November 4, 15, 21, 1929. — November 26, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Equity Pleading and Practice*, Appeal.   *Sale.*   .

Where the record upon an appeal by a defendant from a final decree in a suit in equity contains only the bill as amended, the answer, the final decree and the appeal, but no report of evidence and no finding of facts, the only question presented to this court is whether as matter of law the decree should have been entered on the pleadings.

Upon such an appeal it appeared that the plaintiff in the bill alleged in substance that the plaintiff had purchased from the defendant certain chattels described in a bill of sale, copy of which was annexed; that at the request of the defendant the plaintiff permitted the chattels to remain where they were and to be used by the defendant until such time as the plaintiff might demand possession of them; that the plaintiff had made such demand and that the defendant had refused to permit the plaintiff to take them but kept locked a room in which most of them were and denied access thereto to the plaintiff, and had removed some of them to another place; and the plaintiff sought a mandatory injunction requiring the defendant to give to the plaintiff access to the chattels, and for general relief. By the final decree relief was granted substantially as prayed for. *Held,* that .

(1) Both by the common law and by the sales act, title to specific goods in a deliverable condition passes as between the parties by the contract of sale without actual or constructive delivery or payment of price, unless a different intention is shown;

(2) The record gave no basis for an argument by the defendant that the bill of sale, although absolute in form, was intended as security for a loan and not as an absolute transfer of title;

(3) The decree was affirmed.

BILL IN EQUITY, filed in the Superior Court on July 31, 1929, and afterwards amended, described in the opinion.

The suit was heard by Gibbs, J., and a final decree was entered for the plaintiff.   The defendant appealed.

*E. I. Brown*, for the defendant.

*B. Shalit & L. G. Stone*, for the plaintiff, submitted a brief.

RUGG, C.J.   This is an appeal by the defendant from a decree in favor of the plaintiff in a suit in equity.   There is no report of the evidence.   There is no finding of the facts.

The record consists of the bill as amended, the answer, the final decree and the appeal. The only question presented is whether as matter of law the decree could have been entered on the pleadings. *Brogna* v. *Commissioner of Banks,* 248 Mass. 241, 243. See *O'Brien* v. *Gove,* 208 Mass. 325.

Summarily stated, the allegations of the bill are that the plaintiff on December 9, 1927, purchased of the defendant certain chattels described in a bill of sale of that date, copy of which is annexed; that at the request of the defendant the plaintiff permitted the chattels to remain where they were and to be used by the defendant until such time as the plaintiff might demand possession of them; that the plaintiff had made such demand and the defendant had refused to permit the plaintiff to take them but kept the room locked where most of them were and denied access thereto to the plaintiff, and had removed some of them to another place. The prayers were for an injunction against removal, for a mandate to require the defendant to give to the plaintiff access to the chattels, and for general relief. By the final decree relief was granted substantially as prayed for.

Both by the common law and by the sales act, title to specific goods in a deliverable condition passes as between the parties by the contract of sale without actual or constructive delivery or payment of price, unless a different intention is shown. *John B. Frey Co. Inc.* v. *S. Silk, Inc.* 245 Mass. 534, 539. G. L. c. 106, § 21, Rule 1. The defendant has argued the case on the theory that the bill of sale, although absolute in form, was intended as security for a loan and not as an absolute transfer of title. There is nothing in the record to support such a contention. It cannot be considered.

The plaintiff filed a motion to dismiss the appeal on the ground that it raised no question of law. See *Boston, petitioner,* 223 Mass. 36, and cases there collected. *Van Ness* v. *Boinay,* 214 Mass. 340, 343. *Commonwealth* v. *Dascalakis,* 246 Mass. 12, 34. *Samuel* v. *Page-Storms Drop Forge Co.* 243 Mass. 133, 136. It is not necessary

to decide the merits of this motion.   Since the consequence
to the cause of action must be the same in either event,
the case is disposed of on the substantive law.

<div align="right">

*Motion dismissed.*

*Decree affirmed with costs.*