FRANCIS H. FOSTER, executor, *vs.* LIZZIE L. STEARNS & another.

Middlesex. February 3, 1930. — February 5, 1930.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Probate Court*, Jurisdiction, Partition proceedings, Accounting, Appeal. *Partition.*

Upon an appeal, without a report of the evidence at a hearing upon the report of the commissioners appointed in partition proceedings in a probate court, from a final decree confirming the report, assigning the premises in the manner therein described and ordering certain payments among the parties, it appeared that the proceedings were regular in form and it was *held*, that

(1) The only questions open in this court were those of law apparent on the face of the record;

(2) Under G. L. c. 241, § 25, the Probate Court had jurisdiction to consider and determine matters of accounting among the parties relative to the land;

(3) There being nothing in the record to show that the partition made by the commissioners and the portion of the final decree relating to payments among the parties were not in conformity to law and just, the decree was affirmed.

PETITION, filed in the Probate Court for the county of Middlesex on June 27, 1927, for the partition of certain land in Waltham and Lexington.

The petition was brought originally by Rosa F. Foster and was prosecuted after her death by the executor of her will. It appeared that the petitioner also filed a petition for an accounting, to which the respondents demurred. Proceedings in the Probate Court upon the petitions and a final decree entered by order of *Beane,* J., on the petition for partition are described in the opinion. There was no

hearing of nor order upon the demurrer to the petition for an accounting. The respondent Lizzie L. Stearns appealed from the final decree. The evidence was not reported.

*J. L. Harvey*, for the respondent Lizzie L. Stearns.

*E. M. Sullivan*, for the petitioner.

RUGG, C.J. This is a petition for partition. All the proceedings respecting petition, notice, warrant, report of the commissioners and confirmation of the report of the commissioners are regular in form. No evidence is reported. The judge before whom the case was heard for final decree filed a decision which appears to contain a report of the material facts. A final decree was entered confirming the report of the commissioners, assigning the premises as described in that report, and ordering certain payments between the parties. One of the respondents appealed. Such an appeal brings before us only questions of law apparent on the face of the record. *Clough* v. *Cromwell*, 250 Mass. 324, 329. There is nothing to indicate that the partition as made by the commissioners and affirmed by the court was not in conformity to law and entirely just. A separate petition in equity was filed in the Probate Court for an accounting, to which there was a demurrer. It is stated in the decision that in the Probate Court hearings were had on the matter of "an accounting between the parties with respect to the common lands and at these hearings all the parties regarded the petition in equity for an accounting and the demurrer thereto as waived," and the parties were heard in the matter of the accounting "under the general statutory equity powers of the court."

In petitions for partition the Probate Court has by G. L. c. 241, § 25, jurisdiction "to hear and determine all matters of accounting between the parties to the petition in reference to the common land." There is nothing on this record to indicate that proceedings upon this branch of the case were not strictly in accordance with the statute and within the jurisdiction of the court. *O'Connor* v. *Boyden*, 268 Mass. 111. There is nothing at variance with this conclusion in *Moseley* v. *Moseley*, 240 Mass. 22.

*Decree affirmed.*