JAMES W. MILNE, commissioner, *vs.* WILLIAM J. WALSH & others.

Middlesex.   January 4, 1934. — January 9, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & FIELD, JJ.

*Probate Court*, Jurisdiction, Decree, Appeal. *Partition. Equity Pleading and Practice*, Decree, Appeal.

A probate court has jurisdiction in equity of a petition by a commissioner, appointed in partition proceedings, for instructions as to the disposition of money in his hands after sale of the land in question.

If a decree of a probate court in proceedings in equity is within the scope of the pleadings, it cannot be disturbed upon an appeal therefrom

with no report of the evidence and no report of material facts found by the judge of probate: the entry of the decree imports a finding of every fact essential to its proper entry.

PETITION, filed in the Probate Court for the county of Middlesex on December 8, 1932.

The petition, the answers, a decree entered by order of *Beane*, J., and the record on appeal by the respondents William J. Walsh and Maurice F. Walsh, are described in the opinion.

*T. G. O'Connell*, for William J. Walsh and another, submitted a brief.

*C. Hamilton*, for Thomas W. Walsh.

RUGG, C.J.    A commissioner, appointed to make partition of lands among tenants in common, brings this petition for instructions as to the disposition of a balance in his hands.    The Probate Court has jurisdiction in equity over such a petition.    G. L. (Ter. Ed.) c. 241, § 25.    *O'Connor* v. *Boyden*, 268 Mass. 111.    *Foster* v. *Stearns*, 270 Mass. 336.    The record consists of the petition, the answers of the several respondents, the decree and the appeal, together with the petition for partition and the decree thereon. There is no report of the evidence and no finding of material facts.

It appears that the petitioner was ordered to make partition by sale of the land in question and distribution of the proceeds.    It is alleged in the petition that the land was duly advertised for sale at public auction to be held on October 11, 1932; that Thomas W. Walsh, one of the respondents, bid $3,400, being the highest bid, and the land was sold to him; that a deposit of $500 was required; that the said Walsh delivered an uncertified check signed by a third person for the amount of the deposit, namely, $500; that the check was received by the commissioner as a deposit with the agreement among the parties that if the check was not honored another sale would be held on October 14; that the check was not honored and that a second auction was had on October 14, 1932, when the land was sold for $2,900 to the respondent Maurice F. Walsh.    The respondents Maurice F. Walsh and William

J. Walsh have delivered to the commissioner receipts for their shares in the net proceeds of the sale for $2,900, but they claim an interest in the difference between that sum and $3,400 bid at the first sale and contend that that difference should be taken out of the share of Thomas W. Walsh. There is for distribution in the hands of the commissioner $851.57. The respondent Thomas W. Walsh answered that it was agreed at the sale on October 11 that in the event the commissioner should not realize $500 on account of the check then and there delivered by him to the commissioner the sale "would not go through" and that the new sale would be had "in the same manner and form as if said so called first sale had not occurred." A decree was entered ordering that the entire balance in the hands of the commissioner be paid to Thomas W. Walsh. The effect of this decree is that the $500 difference in the amounts bid at the two sales is not charged to Thomas W. Walsh.

The entry of the decree implies a finding of every fact essential to the right entry of that decree. The decree must stand if it was within the scope of the pleadings. A decree in equity with no report of the evidence and no report of material facts cannot be reversed if permissible under the pleadings. *Smith* v. *Townsend,* 109 Mass. 500. *Goss* v. *Donnell,* 263 Mass. 521. *Leary* v. *Liberty Trust Co.* 272 Mass. 1. It is manifest that the decree entered was within the scope of the pleadings and might have been justified by evidence admissible upon the issues raised. *O'Brien* v. *Gove,* 208 Mass. 325. *Brogna* v. *Commissioner of Banks,* 248 Mass. 241. *Abeloff* v. *Peacard,* 272 Mass. 56, 59. No error is disclosed on the record.

*Decree affirmed.*