MARGARET G. MOORE *vs.* THE NORTHAMPTON
CO-OPERATIVE BANK & another.

Hampshire.   November 5, 1934. — November 8, 1934.

Present: RUGG, C.J., PIERCE, FIELD, DONAHUE, & LUMMUS, JJ.

*Equity Pleading and Practice*, Appeal.

A final decree dismissing the bill in a suit in equity must be affirmed on
appeal where it was within the scope of the pleadings, and the record
before this court contained only the pleadings and the decree, which
recited that it was ordered entered "upon the bill and answers and
the plaintiff's opening and plaintiff's offer of proof."

BILL IN EQUITY, filed in the Superior Court on January 3, 1934.

The defendants in their answers admitted some of the
allegations in the bill, denied others, and neither admitted
nor denied others because of lack of knowledge concerning
them.  The suit was heard by *Williams,* J., by whose order
the final decree described in the opinion was entered.  The
plaintiff appealed.  The record on appeal contained only
the pleadings and the final decree.

*W. H. Martin,* for the plaintiff, submitted a brief.

No argument nor brief for the defendants.

BY THE COURT.  This is a suit in equity to restrain the
foreclosure of a mortgage.  A decree was entered wherein
is the statement that the case was argued by counsel and
"upon the bill and answers and the plaintiff's opening and
plaintiff's offer of proof, it is ordered, adjudged and decreed
that the bill be and hereby is dismissed without costs."
No opening nor offer of proof is printed in the record.  There
is no statement of material facts.  The decree must stand
if within the scope of the pleadings.  Manifestly no error is
disclosed.  *O'Brien* v. *Gove,* 208 Mass. 325.  *Levinson* v.
*Connors,* 269 Mass. 209.  *Milne* v. *Walsh,* 285 Mass. 151.

*Decree affirmed.*