MAY MURPHY, executrix, *vs.* MARGARET F. DONOVAN & another.

Suffolk.    January 7, 1936. — September 9, 1936.

Present: RUGG, C.J., CROSBY, FIELD, LUMMUS, & QUA, JJ.

*Probate Court,* Appeal. *Evidence,* Opinion: expert. *Gift.*

Under G. L. (Ter. Ed.) c. 231, §§ 121, 144, an order by a probate court that one, who had appealed from a decree of the court and had requested a report of the material facts, file in court a transcript of the evidence within twenty days, was proper, and a denial of a motion by the appellant to extend the time for filing the transcript until after the report had been filed by the judge disclosed no error.

Testimony by a physician, who had attended a patient at a hospital one month of each of three years before her death and was the only physician attending her during that period and for fourteen days before her death, stating his opinion as to her mental capacity during a period when she made changes in savings bank accounts, properly was admitted in evidence though he testified that he was not a "mental expert in any sense."

On appeal from a decree of a probate court, a finding of fact on reported evidence that a completed gift of savings bank deposits had been made *inter vivos* was not plainly wrong.

PETITION IN EQUITY, filed in the Probate Court for the county of Suffolk on February 15, 1935.

The petition was heard by *Campbell,* J., by whose order a decree dismissing the petition was entered. The order denying the motion described in the opinion was made by *Dolan,* J. The petitioner appealed.

*W. L. Sullivan,* for the petitioner.

*C. P. Houston,* for the respondents.

RUGG, C.J. This is a petition brought in the Probate Court by the executrix of the will of Hannah Murphy to obtain the proceeds of deposits in two savings banks which stood originally in the name of the testatrix and which were transferred to Margaret F. Donovan, hereafter called the respondent. It is alleged that the respondent obtained these deposits by the exercise of fraud and undue influence

upon the testatrix ,while enfeebled in mind and body. That was the sole issue of fact raised at the hearing.

The case is here on appeal by the petitioner from a decree dismissing the petition. That decree was entered on May 9, 1935. On the following day the petitioner claimed an appeal. G. L. (Ter. Ed.) c. 215, § 9. On May 10, 1935, and within the time allowed by law she made a request for a report of the material facts found by the trial judge. G. L. (Ter. Ed.) c. 215, § 11. With respect to that request, the trial judge, on June 6, 1935, and before filing such report, made an order that the petitioner file in court within twenty days a transcript of the evidence taken at the hearing. The petitioner thereupon filed a motion that the time for filing such transcript be extended twenty days after the date of the filing of the report of the material facts, alleging as grounds that the order of the trial judge was incorrect, and would impose a hardship upon the estate in expending a large sum of money for the transcript and that there was no need of such transcript at that time in order that the appeal might go forward seasonably. This motion was denied and the petitioner appealed. The report of material facts was filed on August 3, 1935.

There was no error in denying this motion of the petitioner. It is provided by G. L. (Ter. Ed.) c. 231, § 121, which by § 144 is made applicable to probate courts, that the "presiding justice may order the appellant . . . to provide him with a transcript of the evidence . . . within such time, not less than ten days after the date of the order, as the presiding justice designates." The order of June 6, 1935, was within this provision. The petitioner having appealed on May 10, 1935, was clearly an "appellant" within the meaning of that word in said § 121. The order of June 6, 1935, was made with reference to the previous request of the petitioner for a report of the findings of material facts made by the trial judge. The right of a party to a report of material facts under G. L. (Ter. Ed.) c. 215, § 11, is dependent not upon having taken an appeal but upon being "entitled to appeal." This may not have been true under G. L. c. 215, ,§ 11, which was repealed by

St. 1931, c. 426, § 283, enacting the section as it now stands. It is conceivable that under the present statutes a party may be entitled as of right to a report of the findings of material facts made by the judge and yet not be liable to an order to file a transcript of the evidence under G. L. (Ter. Ed.) c. 231, § 121. In any event the power conferred upon the trial judge by said § 121 in the circumstances of the case at bar was ample. He was not required to give reasons for his action. The obligation imposed upon the party by such an order is imperative and unequivocal. There is no merit in the argument of the petitioner that such transcript cannot be required after an appeal and before the requested report of material facts found by the trial judge has been filed. The words of the governing statutes afford no support for such contention. They make no distinction in this particular between the superior and probate courts. *Richmond Co-operative Association, Inc.* v. *Gill*, 285 Mass. 50.

The findings of material facts made by the trial judge in substance were these: The testatrix during a life spent chiefly in domestic service accumulated about $18,000, all of which was in savings banks. The inventory of her estate shows personal property of $11,689.08. The deposits in two banks, ownership of which is here in dispute, amount to $6,835.71. The testatrix was about seventy years of age at the time she died on December 14, 1933. The cause of her death was chronic myocarditis and arteriosclerosis. In August, 1929, she suffered injuries in an automobile accident in consequence of which she was taken to the City Hospital in Boston. After staying there several months she was at various private homes and was a semi-invalid until in October, 1931, she was taken to a hospital in Cambridge where she remained until her death. Since 1929 and perhaps before that time she had some heart trouble, became dizzy at times and forgot where she put articles, but the trial judge discovered "nothing in the evidence . . . [to] warrant" him in "finding that she was not normal or that she was of unsound mind." He found that "she was mentally capable of transacting business of any kind up to her last

sickness which began about December 1, 1933." The testatrix had a number of relatives but was not in close touch with any of them until after her automobile accident. The respondent had known the testatrix for ten or twelve years before that accident but from that time on they were close friends. The respondent at the request of the testatrix went to her former home and took all her bank books. The respondent withdrew some of the money from time to time for paying the bills of the testatrix. She was very kind to the testatrix and did everything she could to make life pleasant for her. The testatrix insisted that the respondent take her to the Union Savings Bank of Boston and The Boston Five Cents Savings Bank. At the former the testatrix told one of the bank officials that she "wanted this girl [the respondent] to have the money." The original book as presented to that bank by the testatrix was changed to a joint account in the name "Hannah Murphy or Margaret F. Donovan, either to draw, or the survivor." The same things happened at The Boston Five Cents Savings Bank. The testatrix also signed a "joint account agreement" besides signing the cards.* Later the testatrix gave these books to the respondent who retained them until after the death of the testatrix. Upon all the evidence the trial judge found that these bank books or the amounts represented by them were the property of the respondent and not of the estate of the testatrix.

There was no error in admitting the testimony of the physician, who attended the testatrix at the hospital in Cambridge during one month of each of the three years of her stay there, to the effect that he considered her, up to the ten days before she died, perfectly capable of discussing and transacting normal business affairs. He was the only physician attending her at that time.† *Baxter* v. *Abbott*, 7 Gray,

---

* The record discloses that these transactions at the savings banks were on November 21, 1933. — REPORTER.

† This witness stated to the judge that he did not hold himself out "as a mental expert in any sense." He also testified that he attended the decedent as a patient during the month of December, 1933, and that she was "stricken" about ten days before she died. — REPORTER.

71. *Hastings* v. *Rider*, 99 Mass. 622. *Hathorn* v. *King*, 8 Mass. 371. *Sherry* v. *Moore*, 258 Mass. 420.

The issues raised at the trial were chiefly questions of fact, the decision of which depended upon the observation of witnesses testifying orally and the weighing of their evidence. In these circumstances, where as in the case at bar all the evidence is reported, while it is the duty of this court to examine the record and decide the case upon its own judgment the findings of the trial court will not be reversed unless plainly wrong. *Draper* v. *Draper*, 267 Mass. 528, 531. *Tuells* v. *Flint*, 283 Mass. 106, 108, 109. *Norcross* v. *Mahan*, 283 Mass. 403. *Rodrigues* v. *Rodrigues*, 286 Mass. 77, 80, 81.

The principles of law as to what constitutes undue influence are thoroughly settled. *Neill* v. *Brackett*, 234 Mass. 367. There is nothing in the record to indicate that they were not followed by the trial judge. The same may be said as to unsoundness of mind, *Whitney* v. *Twombly*, 136 Mass. 145, although the petitioner states in her brief that this latter issue was not raised at the trial.

This record has been carefully examined. The questions determined in making the findings were purely of fact depending upon the credibility of witnesses and the weighing of evidence. It is clear that those findings cannot be pronounced plainly wrong. They appear to be right. It would serve no useful purpose to narrate or analyze the evidence. *Ecklund* v. *Ecklund*, 288 Mass. 517.

The facts as found show all the requisites of a completed gift. The decree dismissing the petition was right. *Chippendale* v. *North Adams Savings Bank*, 222 Mass. 499. *Battles* v. *Millbury Savings Bank*, 250 Mass. 180, 187. *Kentfield* v. *Shelburne Falls Savings Bank*, 273 Mass. 548. *Coolidge* v. *Brown*, 286 Mass. 504, 507.

*Decree dismissing petition affirmed.*