POLL-PARROT BEAUTY SALONS, INC. *vs.* GILCHRIST
COMPANY & another.

Suffolk. January 5, 1937. — January 25, 1937.

Present: RUGG, C.J., PIERCE, DONAHUE, LUMMUS, & QUA, JJ.

*Equity Pleading and Practice,* Appeal, Decree, Stipulation.

An appeal, in a suit in equity brought by a corporation, from a final decree
which recited that the plaintiff had failed to comply with a stipula-
tion, made by the parties with approval of the court *pendente lite,*
and dismissed the bill, where the record included no report of evidence
or statement of material facts found by the trial judge, presented only
the question, whether the decree properly could have been entered
on the pleadings; the plaintiff on the record could not question the
authority of its officers who signed the stipulation.

BILL IN EQUITY, filed in the Superior Court on September
5, 1936.

By order of *Swift,* J., a final decree was entered dismissing
the bill. The plaintiff appealed.

*D. Ginsburg,* (*L. Tobin & B. B. Ginsburg* with him,) for
the plaintiff.

*F. J. Murray,* (*H. W. Packer* with him,) for the defendant
Gilchrist Company.

RUGG, C.J. This is a suit in equity by the lessee under
a written lease made to it by Gilchrist Company, here-
after called the defendant, seeking to restrain the prosecu-
tion of summary process for the recovery of the premises
brought by the defendant in the Municipal Court of the
City of Boston, and to prevent the defendant from taking
possession of the leased premises and from interfering with
the quiet enjoyment of them by the plaintiff. The defend-
ant answered at length, and later was allowed to amend
by setting up that in the action for summary process re-
ferred to in the bill judgment had been entered for pos-
session in favor of Gilchrist Company, from which judg-

ment no appeal had been taken. There was thereafter filed and allowed by the judge a stipulation between the parties of the following tenor: "1. The lease referred to in plaintiff's bill of complaint is hereby cancelled. 2. The plaintiff is to remain in the premises described in said lease until five o'clock, P.M. on September 28, 1936. 3. The plaintiff will vacate and quit the premises described in said lease on or before five o'clock, P.M. on September 28, 1936. 4. Upon completion and performance of the foregoing a final decree is to be entered in the above cause 'Bill dismissed without costs to either party.'" This stipulation was signed by the president and treasurer of the plaintiff and by the assistant treasurer of the defendant. Motion by the plaintiff to set aside the stipulation was denied after hearing. No appeal was taken from that denial. Petitions for leave to intervene filed by two stockholders of the plaintiff were dismissed after hearing. A final decree was entered to the effect that after hearing it appeared that the plaintiff had failed to comply with the stipulation, and dismissing the bill without costs to either party. The plaintiff and each petitioner for leave to intervene appealed from this decree.

There is no report of the evidence. There are no findings of material facts made by the trial judge. There was no request for such findings. The only question open on such a record is whether the decree could have been entered on the pleadings. The entry of the decree imports a finding of every fact essential to the entry of the decree. It must stand if within the scope of the pleadings. *Levinson* v. *Connors,* 269 Mass. 209, 210. *Milne* v. *Walsh,* 285 Mass. 151, 153. *Moore* v. *Northampton Co-operative Bank,* 288 Mass. 317.

The plaintiff argues that since the record shows no authority in its president and treasurer to sign the stipulation it was not binding. As there is no report of the evidence it must be presumed that the trial judge was satisfied that the stipulation was signed by an officer of the plaintiff having authority in the premises.

The denial of the petitions to intervene presents no

question of law.  *Dillaway* v. *Burton,* 256 Mass. 568, 576.
*City of New York* v. *New York Telephone Co.* 261 U. S. 312.
Manifestly no error is disclosed on the record.

*Decree affirmed.*