COMMISSIONER OF INSURANCE *vs.* COMMONWEALTH MUTUAL
LIABILITY INSURANCE COMPANY.

Suffolk.   April 6, 1937. — April 26, 1937.

Present: RUGG, C.J., FIELD, DONAHUE, & QUA, JJ.

*Equity Pleading and Practice*, Appeal, Decree. *Equity Jurisdiction*, Receivership proceedings. *Corporation*, Insurance company: receivership.

That an appointment of permanent receivers of an insurance company was made "after a full hearing" as required by G. L. (Ter. Ed.) c. 175, § 6, was shown by a record on appeal from a decree entered after service on the defendant of an order of notice and his appearance in response thereto, the record not containing a report of facts or evidence and reciting that the matter "came on to be heard" and was considered and that the appointment was made.

Matters, asserted by affidavit or otherwise but outside the record presented to this court on appeal from a decree in equity, cannot be considered by this court.

BILL IN EQUITY, filed in the Supreme Judicial Court for the county of Suffolk on December 14, 1936.

The suit was heard by *Lummus*, J.   The defendant appealed from a decree appointing permanent receivers.

*S. Silverman*, (*C. M. Goldman* with him,) for the defendant.

*C. F. Lovejoy*, for the receivers.

RUGG, C.J.   This suit in equity was brought by the plaintiff under G. L. (Ter. Ed.) c. 175, § 6, to enjoin the defendant from carrying on business, to appoint receivers and to order the liquidation of its affairs.   The bill was filed on December 14, 1936.   Subpoena was made returnable on the first Monday of January, 1937.   The defendant was notified to appear on December 15, 1936, to show cause why an injunction should not be granted and a receiver be appointed as prayed for.   Counsel entered appearance for the defendant on December 15, 1936.   Under date of December 15, 1936, an order was made by a single justice that a decree be entered appointing three named persons

as temporary receivers, each to give bond with surety in a specified sum. The decree appointing the temporary receivers, entered on December 16, 1936, recited that the case was argued by counsel. The case then by order in writing was "continued until Saturday, December 26, 1936, at 10 A.M. for further hearing on the question of making them permanent receivers." The defendant filed an answer on December 22, 1936. An appropriate decree appointing permanent receivers was entered on December 26, 1936. The defendant appealed from that decree on December 31, 1936. That appeal presents the question to be decided.

The record consists of copies of the several papers to which reference has been made. There was no request for a finding of material facts and no such finding was filed voluntarily by the single justice. There is no report of evidence and no person was designated to make such report. G. L. (Ter. Ed.) c. 214, §§ 23, 24. "The only question open on such a record is whether the decree could have been entered on the pleadings. The entry of the decree imports a finding of every fact essential to the entry of the decree." *Poll-Parrot Beauty Salons, Inc.* v. *Gilchrist Co.* 296 Mass. 451, 452. *Levinson* v. *Connors,* 269 Mass. 209, 210. *Milne* v. *Walsh,* 285 Mass. 151, 153. *Moore* v. *Northampton Cooperative Bank,* 288 Mass. 317. It is manifest that the decree in the case at bar could have been entered on the pleadings.

The defendant urges that there has been violation of G. L. (Ter. Ed.) c. 175, § 6, to the effect that in cases of this nature the "court may issue a temporary injunction forthwith and may after a full hearing make the injunction permanent and may appoint one or more receivers to take possession of the property and effects of the company and to settle its affairs, subject to such rules and orders as the court may prescribe." The record fails to support this contention. The decree is complete in form and adapted to enjoin further prosecution of its business by the defendant, to wind up its affairs, to collect its assets and to distribute its assets in liquidation of its debts and obligations. It settles the issues raised by the pleadings. The decree con-

tains no recital that there was a "full hearing." The case had, however, been set down for the hearing required by § 6. It was the duty of parties to be in court on the date assigned prepared for such hearing. The decree entered pursuant to such hearing recites that the "cause came on to be heard upon the return of an order of notice heretofore issued and was argued by counsel, and thereupon upon consideration thereof, it is ORDERED, ADJUDGED AND DE-CREED as follows." The subpoena was not returnable until January. The record affords no foundation for the inference that there was not a full hearing. Every implication is to the contrary. The defendant was in court pursuant to the order of notice. The case was ripe so far as concerns the record for the "full hearing" described in § 6.

The defendant asserts alleged facts quite outside the record tending to show that it was denied such "full hearing" although requesting it. Assertions of that nature cannot be accepted. If such facts existed the defendant was afforded ample protection of its rights through regular and familiar equity practice. Evidence might have been offered and exceptions saved to its exclusion. Upon seasonable request, the proceedings might have been reported for consideration by this court on appeal. Neglect to pursue these plain means for relief bars the defendant from invoking extraordinary measures. In these circumstances the offer by the defendant at the argument in this court of affidavit purporting to show what occurred at the hearing on December 26, 1936, must be excluded.

It is of high importance that no receivers be appointed and no decree entered for the liquidation of a corporation except after full hearing. Great judicial care ought always to be exercised to the end that there be no receiverships save in instances where necessity is disclosed in order to protect rights and prevent wrongs.

*Decree affirmed.*