ALFONSO BINDA & another *vs.* SHERIFF OF THE COUNTY OF MIDDLESEX & another.

Middlesex. April 6, 1949. — April 27, 1949.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & WILLIAMS, JJ.

*Sheriff. Officer. Execution. Indemnity. Mandamus.*

Upon appeal from a judgment in a mandamus case, without express findings of fact or a statement of evidence in the record, the entry of the judgment imported a finding of every fact in support thereof which might be found on any evidence admissible under the pleadings.

A petition for a writ of mandamus directing a sheriff to enforce an execution which had issued in a summary process proceeding properly was dismissed where the record on appeal included no express findings of fact nor a statement of evidence and the pleadings included averments by respondents that the premises of which the petitioner sought possession were not in the possession of the defendant in the summary process proceeding but were in the possession of a third person whom the petitioner had "always recognized" as his tenant and who was the "registered tenant" of the premises by virtue of an "O. P. A. registration certificate," and that the petitioner had declined to comply with a request of the sheriff for indemnity.

PETITION for a writ of mandamus, filed in the Superior Court on December 15, 1948, against the sheriff of the county of Middlesex.

The answer of John Sara, joined as a respondent by order of the court, included the following paragraph: "That the petitioners have always recognized . . . [him] John Sara as their tenant and all payments of rent have been made by . . . [him] to the petitioners, and that the petitioners gave said respondent receipts as their tenant therein. And further answering . . . that the O. P. A. registration certificate indicates that he has been and is presently the registered tenant of these premises."

The case was heard by *Morton,* J.

*J. F. McLaren,* for the petitioners.

*H. E. Magnuson,* (*F. J. Fortunato* with him,) for the respondents.

LUMMUS, J.   This is a petition for a writ of mandamus, brought by two persons who had recovered judgment against one Oscar Sarafian in an action of summary process under G. L. (Ter. Ed.) c. 239 for the possession of a tenement in Medford, and had delivered the execution thereon to the sheriff or his deputy for the purpose of having the execution served and obeyed.   When the deputy went to the tenement to serve the execution, Sarafian was not there, but one John Sara, who was not a party to the action of summary process, was occupying the tenement.   He was joined as a respondent in the petition.   Sara had receipts given him by the petitioners for rent paid by Sara for the tenement.   The sheriff and his deputy, being in doubt as to their rights, refused to proceed with the service of the execution unless the petitioners furnished security for their indemnification, but no security was furnished.   The foregoing facts appear in the petition and answers.

The record contains no express finding of facts nor statement of the evidence.   The judge dismissed the petition with costs to the sheriff and Sara, and the petitioners appealed. St. 1943, c. 374, § 4 (G. L. [Ter. Ed.] c. 213, § 1D).   *Reardon v. Director of Civil Service*, 318 Mass. 173.   The dismissal of the petition imports the finding of every fact in support of that dismissal that might be found upon any evidence admissible under the pleadings.   *Milne v. Walsh*, 285 Mass. 151, 153.   *Commissioner of Insurance v. Commonwealth Mutual Liability Ins. Co.* 297 Mass. 219, 220.   *Cohn v. Cohn*, 310 Mass. 126, 130.

It is true that the present case does not come within G. L. (Ter. Ed.) c. 235, § 35, relative to the furnishing of indemnity to an officer.   But apart from statute an officer is sometimes entitled to indemnity.   In *Marsh v. Gold*, 2 Pick. 285, 290, Parker, C.J., said, "An officer called upon to serve a precept . . . , if there be any reasonable grounds to doubt his authority to act in the particular case, has a right to ask for an indemnity."   See also *Clark v. Parkinson*, 10 Allen, 133, 136.

It does not appear how long Sara had occupied the tene-

ment. He may have occupied from the first directly under the petitioners, and may have occupied at the time when the summary process was begun. In *Clark* v. *Parkinson,* 10 Allen, 133, 135, Hoar, J., said, "an officer, serving a writ of possession, has no authority by his precept to remove from the land described therein any person who is not a defendant in the suit in which the writ issued, nor holding under a defendant, and who was in occupation of the land at the time the suit was commenced, claiming by a title independent of the defendant. The writ of possession is the result or fruit of a judgment; and the judgment is the legal determination of the rights of those only who are parties or privies to it."

*Judgment affirmed.*