MARY BANNISH, executrix, *vs.* ANNA B. BANNISH, individually and as administratrix, & others (and a companion case [1]).

Hampden. February 3, 1970. — April 13, 1970.

Present: WILKINS, C.J., SPALDING, KIRK, SPIEGEL, & REARDON, JJ.

*Equity Jurisdiction*, Bill of review. *Equity Pleading and Practice*, Appeal, Judicial discretion.

Upon entry of a final decree dismissing a suit in equity in a Probate Court, it was open to the petitioner to appeal and obtain an effectual review of the case upon a report of all the evidence notwithstanding the absence of a report of material facts requested by the petitioner under G. L. c. 215, § 11. [280]

Upon appeal from the final decree in a suit in equity with a report of all the evidence and findings of fact, either express or implied in the decree, this court does not resolve conflicts in oral testimony. [281]

Where a final decree dismissing a suit in equity in which there was a report of the evidence was entered in a Probate Court and shortly thereafter the trial judge became legally disqualified from acting in the case and the petitioner's request for a report of material facts under G. L. c. 215, § 11, was never acted upon, and her seasonable appeal from the final decree was eventually dismissed for failure to perfect it, it was held that there was no abuse of discretion on the part of another judge in denying a petition for leave to file a bill of review seeking to review the decree dismissing the equity suit, and a decree denying such petition was affirmed. [282]

Two PETITIONS for leave to file bills of review filed in the Probate Court for the county of Hampden on June 28, 1967.

---

[1] Mary Bannish against the same respondents.

The petitions were denied by *Jekanowski*, J.

*Socrates Geanacopoulos* for the petitioner.

*Harold A. Murphy* for the respondents.

SPALDING, J.  These are appeals from decrees denying two petitions for leave to file bills of review seeking review of final decrees of the Probate Court entered on June 16, 1967.

Two petitions in equity were brought by Mary Bannish, one by her as executrix of the will of Michael Bannish and the other by her individually, against Anna B. Bannish, individually and as administratrix of the estate of Joseph Bannish, and others, to enforce a resulting trust in certain real estate and personal property.  The petitions were tried together before Judge Tisdale, a probate judge for the county of Franklin, sitting in the county of Hampden, during thirty trial days, in which some thirty-seven witnesses were heard.  Final decrees, entered on June 16, 1967, dismissed both petitions.  On June 19, 1967, Judge Tisdale was sworn in as a justice of the Superior Court, and, therefore, could no longer act in the cases.  The petitioner filed a request for a report of material facts in each case on June 23, 1967.  On June 28, 1967, the petitions for leave to file bills of review were filed.  On July 3, 1967, the petitioner appealed from the final decrees entered June 16, 1967.[2]  After hearing, decrees were entered denying the petitions for leave to file bills of review.

The petitioner argues that the denial of leave to file the bills of review was erroneous because the inability of Judge Tisdale to report the material facts as requested under G. L. c. 215, § 11, denied her effectual appeals from the decrees entered by him.  Her argument rests on the assumption that without the requested reports of the material facts, no adequate appeals are possible.  But that assumption is not correct.  Here the evidence was reported.  It was open to the petitioner to appeal and obtain an effectual review of her cases despite the absence of reports of material facts.

[2] It appears that these appeals were later dismissed for failure to take the necessary steps in perfecting them.

Where a case comes to this court without a report of material facts but with a report of the evidence, the decree imports a finding of all facts, open on the evidence, needed to support the decree, and such findings must stand unless plainly wrong. *Berry* v. *Kyes,* 304 Mass. 56, 57–58. *Williams* v. *Howard,* 330 Mass. 323, 325, and cases cited. The petitioner could have pursued the appeals claimed on July 3, 1967, which were seasonably taken, despite Judge Tisdale's inability to find the requested facts, and could have brought the cases here on all the evidence. She could then have us decide whether the evidence supported the findings of fact implied in the decrees. Virtually nothing more is open when a case comes here upon a report of material facts and a report of the evidence.

In urging that she has been harmed by the loss of reports of facts, the petitioner stresses the considerable amount of conflicting oral testimony introduced in the equity cases. This court, it is contended, cannot properly decide on a transcript of testimony "questions of fact, the decision of which depended upon the observation of witnesses testifying orally and the weighing of their evidence." *Murphy* v. *Donovan,* 295 Mass. 311, 315. But, in an appeal on a report of all the evidence and findings of fact, whether such findings are express or those implied in the decree, we do not resolve conflicts in oral testimony.

The petitioner relies on *Martell* v. *Moffatt,* 276 Mass. 174, 176–177, where it was said that an appealing party was entitled as of right to a report of material facts and that this right was "essential to . . . an effectual review on appeal." But these observations must be read in context, for they were made in a case where there was no report of the evidence. In a case coming to this court without a report of material facts and no report of the evidence, the scope of review is extremely limited; all that is open is whether the decree could have been entered on the pleadings. *Poll-Parrot Beauty Salons, Inc.* v. *Gilchrist Co.* 296 Mass. 451, 452. That is not the situation here. Nor are the cases at bar governed by *Brooks* v. *National Shawmut Bank,* 323

Mass. 677, 681–682, relied on by the petitioner. In that case there was a report of material facts but, due to the death of the stenographer, a report of the evidence was not possible. Because the appealing party was deprived of the broader review open to him with a report of the evidence, we held that he made out a meritorious case for the granting of leave to file a bill of review.

Of the three categories set forth in *Boston & Maine R.R.* v. *Greenfield*, 253 Mass. 391, 397, where relief by bill of review can be had, the cases at bar come within the third category, namely, "new matter arising after the entry of the decree." *Brooks* v. *National Shawmut Bank*, 323 Mass. 677, 684–685. But, as we pointed out in the *Brooks* case, a bill of review founded on new matter can be filed only by leave of court. Thus, whether such leave shall be granted rests in the discretion of the court, but the exercise of that discretion may be revised on appeal by this court, *Manning* v. *Woodlawn Cemetery Corp.* 249 Mass. 281, 284. We are of opinion that the judge did not abuse his discretion in denying the petitions for leave to file bills of review.

> *Decrees denying petitions for*
> *leave to file bills of review*
> *affirmed with costs of appeal.*