Ricciardelli *v.* Ricciardelli (No. 1).

Barnstable.    January 13, 1976. — March 5, 1976.

Present: HALE, C.J., GOODMAN, & GRANT, JJ.

*Divorce,* Alimony: order to transfer real estate, Counsel fees, Conduct of trial, Service of process.    *Probate Court,* Decree, Service of process, Counsel fees.    *Waiver.*

In a divorce proceeding, where a probate judge first heard evidence concerning the parties' resources and then evidence on the merits of the parties' cross libels, the judge was warranted in considering the evidence heard in the first part in making his decision in the second part.  [116-117]

It was within the power of a probate judge under G. L. c. 208, § 34, to order the conveyance of a part of the husband's property as alimony despite the wife's failure to make a specific prayer for conveyance in accordance with Rule XIV of the Uniform Practice of Probate Courts, but the husband was entitled to be heard on that part of the judgment relating to the description of the property.  [117-118]

Evidence in a divorce proceeding warranted a conveyance to the wife of a part of the husband's property in lieu of alimony.  [118-119]

Where a husband in a divorce proceeding accepted service of his wife's cross libel and the trial of that libel proceeded without objection even though his wife had not filed a financial statement as required by Rule 49 of the Probate Courts (1973), the requirements of rule 49 were deemed to have been waived.  [119-120]

Where a husband in a divorce proceeding received actual notice of his wife's libel and made no objection to the continuation of the proceeding on both his and his wife's libels, the judge was not required to issue a formal order directing notice pursuant to G. L. c. 208,

Ricciardelli *v.* Ricciardelli (No. 1).

§ 8A, as in effect prior to St. 1975, c. 400, § 15, prior to entering a decree on the wife's libel. [120]
Evidence in a divorce proceeding supported the judge's decrees granting a wife's libel and dismissing the husband's libel. [120-121]

CROSS LIBELS for divorce filed in the Probate Court for the county of Barnstable on August 14, 1973, and April 12, 1974.

The husband appealed from decrees entered by *Tarlow, J.*

*William P. Homans, Jr.,* for Libero Ricciardelli.
*Ralph Arnoldy* for Vivian Ricciardelli.

HALE, C.J.   The husband has appealed from decrees entered by a judge of probate which (1) dismissed the husband's libel; (2) granted a decree nisi for divorce on the wife's libel and ordered the husband to convey real estate to the wife in lieu of alimony[1]; (3) adjudged the husband in contempt for having failed to obey an order to pay counsel fees on the husband's divorce action, and (4) ordered the husband to pay $1,266.50 for counsel fees and expenses in a separate support action.[2] The decree nisi has been stayed. Requests for reports of material facts were made (see G. L. c. 215, § 11), but the judge was retired without having made such reports. The evidence is reported. "Where a case comes to this court without a report of material facts but with a report of the evidence, the decree imports a finding of all facts, open on the evidence, needed to support the decree, and such findings must stand unless plainly wrong." *Bannish* v. *Bannish,*

---

[1] "... [I]n lieu of alimony, said libellee shall convey to said libellant Lot #50 in Aqua Terra Trust, located in Spindrift Hill, Falmouth, Mass., free and clear of all encumbrances; or in the alternative, libellee shall convey to said libellant four (4) lots in that same trust, being Lots #50, 56, 57 and 58, subject to the mortgage held by the Plymouth Savings Bank on the entire six (6) lots of which these four (4) are a part."

[2] The separate support action was brought by the wife against the husband and was tried with the other cases. It was dismissed at the time of the entry of the decree nisi, and no timely appeal was taken from that dismissal.

357 Mass. 279, 281 (1970). *Surabian* v. *Surabian,* 362 Mass. 342, 344-345 (1972). *Yee* v. *Yee,* 2 Mass. App. Ct. 897 (1974).

At trial the judge determined that he would first hear testimony on the contempt petition and on a petition for modification not of present concern. Both the wife and the husband testified in great detail under direct and cross-examination concerning their respective liabilities, assets (including real estate holdings), earnings, and earning capacities. They also testified as to their style of living in the past and up to the day of trial.

At the conclusion of the testimony, the judge stated: "All right, that portion is closed, and we'll proceed on the libel." At some point in the trial, the wife filed a cross libel, service of which was accepted by the husband. Rule 41 of the Probate Courts (as amended 1973). The trial then proceeded on both libels, and testimony was received from the husband and wife that their marriage had taken place on December 10, 1972, and that they had last lived together on August 9, 1973. Each testified as to physical and mental abuse inflicted by the other and as to the effect of such treatment.

We consider below all of the claims of error raised by the husband in his appeal.

1. The husband contends that by separating the trial into two parts each was made a separate and distinct trial, and the evidence heard in the first part could not be considered by the judge in making his decision in the second part. As all of the evidence concerning the parties' assets was received in the first part, the husband argues that there was no evidence to support that part of the decree nisi ordering conveyance of a part of his real estate in lieu of alimony. We disagree.

The judge conducted a joint trial of all the cases. He first heard all of the testimony which concerned the parties' resources and then evidence on the merits of the cross libels. It is apparent from the record that counsel for each party was aware that the decisions which would be rendered in each of the cases would be made on all of the

evidence heard by the judge, and neither counsel voiced any objection.

2. The husband argues that the judge erred in ordering conveyance of real estate (fn. 1) as there was no specific prayer in the wife's libel for such an order. He relies on Rule XIV of the new Uniform Practice of Probate Courts in Massachusetts (1974). That rule provides in part that no conveyance of real estate pursuant to G. L. c. 208, § 34A, shall be entered in any order or judgment in a divorce case unless a specific prayer has been made for such in the divorce libel.[3]

Nothing in that rule affects the power of the court to grant alimony to the wife. That power is to be found in G. L. c. 208, § 34. "Specific property may be ordered transferred as payment of alimony." *Surabian* v. *Surabian,* 362 Mass. 342, 348 (1972). Section 34A provides a procedure by which an order to transfer real estate may be fulfilled if the order has not been complied with by delivery of a deed prior to the decree's becoming absolute. "The legislative history of . . . [that] section suggests no more than an intention to implement alimony decrees which might provide for the conveyance of an interest in real estate in substantially the same manner in which decrees for conveyance of real estate which are entered in ordinary equity proceedings may be implemented under the familiar and long standing provisions of G. L. c. 183, §§ 43 and 44, as amended." *Dee* v. *Dee,* 1 Mass. App. Ct. 320, 323-324 (1973). Rule XIV affords the parties an opportunity to provide the court with a description of property which the judge might order conveyed that would be legally suffi-

---

[3] The first paragraph of Rule XIV reads: "No conveyance of real estate pursuant to General Laws, Chapter 208, sec. 34A or Chapter 209, secs. 30, 32 and 32D shall be entered in any order or judgment of divorce or separate support unless a specific demand therefor has been made in the complaint of which the defendant has received actual notice; or unless an affidavit of notice stating that the defendant has been notified by certified mail, return receipt requested, and returned signed by the defendant, of the intention of the plaintiff to request the conveyance of specific real estate is filed in the Registry of Probate at least seven days prior to the hearing of said case."

cient to convey the real estate. One need look no further than the order in this case to find a demonstration of the wisdom and need for such a rule (see fn. 1). If the order were to be recorded in its present form, because of the provision for alternative conveyances, it would not operate to convey title to the wife to any of the lots referred to in the order. It would, however, cloud the record title to all four of the numbered lots. Information could be furnished to the judge, if Rule XIV were observed, which would serve to limit the possibilities of the issuance of such an order.

While we consider that it was within the power of the judge under G. L. c. 208, § 34, to order the conveyance of a part of the husband's property in lieu of alimony, we are of the opinion that the husband should have had an opportunity to be heard on that part of the judgment relating to the description of the property. We will afford him such an opportunity in our order. That order will also permit the court to clarify who has the option to select which lots are to be conveyed in the event alternative provisions are again to be included in a judgment.

3. The husband argues that even if the evidence received in the first part of the trial were to be considered in determining the amount of alimony, there was no evidence which would warrant the alimony award. Again we disagree. The decision as to the amount of alimony "is largely within the discretion of the judge, 'after a consideration of all the facts, including the needs of the wife ... the financial worth of the husband, the station in life of the parties, and their mode of living.'" *Hillery* v. *Hillery,* 342 Mass. 371, 372-373 (1961). See now G. L. c. 208, § 34, as amended by St. 1974, c. 565.

The judge heard evidence from which he could have found that the husband, though possessed of little in the way of liquid assets, owned a house with its lot and also six lots of vacant but improved land, which, although mortgaged, represented a substantial equity. There was also ample evidence from which the judge could determine the

relative financial positions of the husband and wife. While the resources of the husband may not be regarded as a basis for the division of the property other than as an allowance for the support of the wife, they do "have a bearing upon the amount that he is able to pay for the support of his wife in the light of their comparative needs and of his other responsibilities and obligations." *Coe* v. *Coe*, 313 Mass. 232, 236 (1943). The judge could have found that six improved lots of land had a value of not more than $15,000 each, the price at which the husband offered them for sale. He could also have found that the lots together were encumbered by a mortgage in the amount of $37,000. From that he could have found that if the first alternative in the decree were to be exercised and lot 50 conveyed to the wife free of the mortgage (see fn. 1), she would receive at most property worth about $15,000, and that the value of the equity in the lots retained by the husband would amount to no more than $38,000. Assuming the value of the lots to be as low as $10,000, the order would result in an approximately equal division. If the second alternative were to be exercised and if the four lots were to be conveyed subject to the entire mortgage, she would have an equity of about $23,000 using the $15,000 per lot valuation. But that equity would amount to only about $3,000 at a valuation of $10,000 per lot. If the mortgage were to be pro rated over the six lots, the wife's equity in the four lots would be about $35,200 and $15,200 respectively. We are of the opinion that on all the evidence before the judge, and assuming that the wife were to exercise the option most beneficial to her, the award was warranted and well within the judge's discretion. It appears that in making his order the judge afforded the wife a source of funds to aid in her support until such time as she should again become self-sufficient. Compare *Topalis* v. *Topalis*, 2 Mass. App. Ct. 530, 532 (1974).

4. The husband asserts that the judge erred in considering the wife's libel, as the financial statement required by Rule 49 of the Probate Courts (1973) was not filed by

the wife when she requested that the case be placed on the list for hearing.[4] The libel was filed and service was accepted by the husband during the trial. The trial of that libel and of all of the other matters then proceeded to a conclusion with no question being raised by the husband concerning a rule 49 statement. The finances of each party had, by that time, been explored by both counsel in the course of thorough examinations. We deem the requirements of rule 49 to have been waived.

5. The husband contends that the judge erred in entering a decree upon the wife's libel without issuing a formal order directing notice or service pursuant to G. L. c. 208, § 8A, as in effect prior to St. 1975, c. 400, § 15. The husband accepted service of the wife's libel in court, pursuant to Rule 41 of the Probate Courts (as amended 1973) by acknowledging actual notice of service by a notarized signature on the back of the libel. Section 8A allows the filing of a new libel by a libellee participating in a contested hearing and provides that the court "may enter a decree of divorce upon the new libel after the giving of such notice or service to the new libellee as the court, in its discretion, shall order." The husband had actual notice and was present in court. He made no objection to the continuation of the proceeding on both libels. He cannot now demand any more than the actual notice that he received.

6. The husband contends that the judge's decrees granting the wife's libel and dismissing his libel were not supported by the evidence, particularly in view of the judge's failure to file a report of material facts, despite a timely

---

[4] "A party to a divorce, separate support or other proceeding who requests an order of alimony or support, or who requests the modification or termination of such an order, shall file a financial statement showing, insofar as possible, his assets, liabilities, and current income and expenses and similar information concerning any children involved in the proceeding. If the request is for a temporary order, the party requesting the order shall file his financial statement with the request; otherwise the statement shall be filed when either party requests that the case be placed on the list for hearing on its merits. If the proceeding is contested, either party thereto may request the other party, upon 48 hours notice, to furnish a financial statement to the court and a copy thereof to the requesting party."

request by the husband. In the absence of such a report, even when requested, the decree imports a finding of all facts necessary to support it. *Bannish* v. *Bannish*, 357 Mass. at 281. As the judge could have believed the testimony of one party and not the other, we cannot say that he was plainly wrong. *Hamilton* v. *Hamilton*, 325 Mass. 278, 279 (1950). *Wilde* v. *Wilde*, 350 Mass. 333, 334 (1966).

7. The orders directing the payment of counsel fees are neither constitutionally infirm, *House* v. *House*, 368 Mass. 120 (1975), nor clearly excessive. *Kahn* v. *Kahn*, 353 Mass. 771 (1968).

The husband is given thirty days from the date of our rescript in which to file a motion seeking to clarify the order for the conveyance of real estate in the Probate Court for Barnstable County Divorce No. 9147 in the respects indicated in this opinion. If no such motion is filed, the decree is to be affirmed. The decrees are otherwise affirmed.

*So ordered.*