JOHN W. PIORETTA, JR. *vs.* ELIZABETH A. PIORETTA. January 3, 1980. 1. It was error to dismiss the complaint solely for the reason that no separation agreement had been filed within the ninety-day period contemplated by the first paragraph of G. L. c. 208, § 1A (as appearing in St. 1975, c. 698, § 2). Affidavits by both parties which met the requirements of (*b*) of that paragraph had been filed with the complaint; when a separation agreement meeting the requirements of (*c*) of that paragraph was filed (some ten months after the filing of the complaint), the provisions of the fifth paragraph of G. L. c. 208, § 1B (as also appearing in St. 1975, c. 698, § 2), required that the complaint stand for processing on the merits in accordance with the provisions of § 1A. 2. There was no error in the original order or judgment of dismissal which was entered on February 14, 1979, following the judge's findings that "the separation agreement . . . does not make proper provisions for support and maintenance, alimony and disposition of marital property." It is clear from the trial transcript that in making those findings the judge considered and weighed all the factors (except marital fault) which are listed in G. L. c. 208, § 34 (as appearing in St. 1977, c. 467), as to which any evidence was offered by

the parties (see *Putnam* v. *Putnam*, 7 Mass. App. Ct. 672, 673-674 [1979])
or as to which the judge was able to elicit evidence by his own interroga-
tion of the parties. Those findings were well within the permissible limits
of the judge's discretion (see *Bianco* v. *Bianco*, 371 Mass. 420, 422-423
[1976]; *Rice* v. *Rice*, 372 Mass. 398, 400-401 [1977]) and were undoubted-
ly impelled by the undisputed fact that the plaintiff, the only wage
earner, had a $12,000 equity in real estate which could have been liq-
uidated (if necessary) in order to provide support for the defendant until
such time as she might complete her professional training (approximately
four months) and be in a position to support herself. See *Krokyn* v.
*Krokyn*, 378 Mass. 206, 209-210, 213-214 (1979); *Topalis* v. *Topalis*, 2
Mass. App. Ct. 530, 531-532 (1974); *Ricciardelli* v. *Ricciardelli* (*No. 1*), 4
Mass. App. Ct. 114, 119 (1976). The order of dismissal entered on
February 16, 1979, is vacated; the order or judgment of dismissal without
prejudice which was entered on February 14, 1979, is reinstated and, as
so reinstated, is affirmed.

*So ordered.*

The case was submitted on briefs.
*Wayne M. Boylan* for the plaintiff.
*Robert A. Gordon* for the defendant.